## BOWEN *against* BELL.

Where the plaintiff agreed to release his right to a lot of land to the defendant, for a certain sum, which the defendant agreed to pay, and the plaintiff accordingly executed and delivered a deed to the defendant, in which he acknowledged the receipt of the consideration money, but which was not, in fact, paid, and the defendant took possession of the land: *Held,* that the plaintiff might maintain an action of *assumpsit* against the defendant to recover the amount of the consideration money agreed to be paid by him; it not being a contract within the statute of frauds.

Parol evidence is admissible to show that the consideration expressed in a deed to have been received by the grantor, has not been paid by the grantee.

A Sheriff's deed is not admissible in evidence, without showing the judgment and execution under which he sold the land.

THIS was an action of *assumpsit,* tried before Mr. Justice *Woodworth,* at the *Washington* Circuit, in *June,* 1821.  The declaration contained a general count for land sold and conveyed to the defendant, and the money counts.  It was proved, that the plaintiff owned four sixths of a certain farm, and the defendant two sixths, as tenants in common.  It was agreed, that the land should be equally divided between them, and that the defendant should pay the plaintiff for one sixth part.  A survey of the land was accordingly made, and mutual releases and quit-claim deeds were executed by the parties to each other, for their respective moieties, in severalty.  The deed from the plaintiff to the defendant for the north half of the farm, was dated *December* 16, 1818, and stated, that it was in consideration of the sum of one thousand dollars paid by the defendant, the receipt whereof was thereby acknowledged, &c.  After the execution of the deeds, each party took possession of one half of the farm.  It was admitted, that the defendant had not paid any consideration for the deed to him.  A witness testified that, at the time of

the division, it were agreed, that the defendant should pay to the plaintiff two hundred and fifty dollars for the one sixth which had been conveyed to him by *Abel Austin.* The defendant's counsel objected to the admission of parol evidence, on the ground that the agreement was within the statute of frauds; and being a special agreement, it could not be given in evidence under the general counts. But the Judge overruled the objection, and admitted the evidence. It was proved, that the farm belonged to *Ellis Austin,* who died before 1816, leaving six heirs, from whom the plaintiff had purchased four shares. That at the time the releases were executed between the parties, the defendant claimed the whole farm by virtue of a Sheriff's deed under a judgment and execution against *Austin's* heirs. That the parties, after much dispute, agreed to the division, and to execute releases as above stated. The value of the whole farm was estimated at two thousand dollars. The defendant's counsel moved for a nonsuit; but the Judge refused to grant the motion, and decided, that notwithstanding the acknowledgment in the deed of the receipt of the consideration money by the plaintiff, the plaintiff might recover on the parol agreement, which was not extinguished by the deed. The defendant's counsel then offered in evidence a deed from the Sheriff of *Washington* county, dated *April* 6, 1818, reciting that by virtue of a *fi. fa.* issued out of the Supreme Court, tested *November* 1, 1817, at the suit of *Lyman Hall* and *Samuel Ely,* against *Joseph Austin, Abel Austin,* and others, on a judgment against them, &c. for eighty-five dollars and seventy-six cents, he had taken and sold a certain lot of land in *Hebron,* formerly owned by *Ellis Austin,* to *George Bell,* (the defendant,) at public sale, for seventy-seven dollars and fifty-seven cents, he being the highest bidder, &c. But the deed was rejected by the Judge, on the ground, that no record of the judgment and execution was produced. The plaintiff proved, that the one sixth of the farm was worth two hundred and fifty dollars; and one of the witnesses stated, that the plaintiff bought *Abel Austin's* share subsequent to the judgment against the heirs of *Ellis Austin.*

The Judge charged the jury, that the liability of the defendant depended on the question of fact, whether the plain-

tiff did or did not execute the quit-claim deed to the defendant, and part with the possession of the land, on the defendant's agreeing to pay him for the share which he had purchased of *Abel Austin*, being one sixth part of the whole farm. The jury found a verdict for the plaintiff, for two hundred and twenty-five dollars and twenty-eight cents.

A motion was made to set aside the verdict, and for a new trial. The cause was submitted to the Court without argument.

WOODWORTH, J. delivered the opinion of the Court. This is not a case within the statute of frauds. The contract was perfected by giving the deed. The claim now is, to pay the value; the consideration to support the promise is the release of the plaintiff's title. It is immaterial what is the origin of the debt, provided it is founded on a lawful consideration. This action is not on a contract for the sale of lands, or any interest in lands. The law raises the promise to pay, and, in such case, it is not within the statute of frauds, although it be raised from an agreement concerning an interest in lands. In *Goodwin* v. *Gilbert*, (9 *Mass. Rep.* 514.) it is laid down as a general rule, that where land is conveyed by a deed poll, and the grantee enters under the deed, certain duties being reserved to be performed, as no action lies against the grantee on the deed, the grantor may maintain *assumpsit* for the non-performance of the duties reserved. The case of *Pomeroy* v. *Winship*, (12 *Mass. Rep.* 514.) is very much in point. It was there decided, that if a *parol* contract be made for the sale of lands, and a deed be afterwards given pursuant to the contract, the bargain is then consummated, and the contract is liable to no objection arising from the statute of frauds. Actions have frequently been prosecuted in our own Courts to recover the consideration for lands sold and conveyed. In *Shepherd* v. *Little*, (14 *Johns. Rep.* 210.) it was held, that *assumpsit* would lie to recover the consideration money of land sold. There is, then, no obstacle in the way of a recovery on this ground; neither is there any force in the objection, that here was a special agreement proved, and that the count is general; for the evidence introduced went

to establish a promise to pay for *Abel Austin's* right, which was the one sixth ; it was not a conditional, or special promise. The proof supported the declaration. The case last cited, also shows, that although the consideration expressed in the deed is acknowledged to have been paid, *parol evidence* is, notwithstanding, admissible, to show that it had not been paid. When one species of consideration is expressed, another, or different one, cannot be proved, neither can parol proof be admitted substantially to vary or contradict a written contract ; but these principles are inapplicable to a case where the payment, or amount of the consideration, becomes a material inquiry.

The Sheriff's deed to the defendant was properly rejected, as no legal proof of a judgment and execution was offered. The evidence of *Olmsted,* that the plaintiff bought the share of *Austin* subsequent to the judgment against the heirs, does not appear to have been urged or relied on at the trial ; if it had been, it was not competent proof of a judgment ; but, admitting it to have been legal proof, *non constat,* that it was the judgment under which the Sheriff sold ; besides, there was no proof of an execution. If it were admitted, that the defendant purchased under a judgment obtained previous to the plaintiff's conveyance from *Austin,* it would not defeat the right to recover ; for the defendant may have had, notwithstanding, substantial reasons to accept a title from the plaintiff, and immediately acquire the possession under it. He chose to purchase the plaintiff's right, and if he agreed to pay for it, which the jury have found, there was a good consideration for the promise, and, consequently, the title under the judgment was irrelevant, and immaterial. The motion for a new trial must be denied.

New trial denied.