ORPHEUS HIBBARD AND CHLOE, his wife, *v.* STEPHEN WHITNEY.

Where a contract is for the sale of lands on both sides, and is not in writing, no action at law can ever be maintained upon it.

Part performance of such a contract is a ground of relief in equity only, and there, on the principle of relieving from fraud.

ASSUMPSIT, to recover damages for the non performance of a parol contract to convey lands.

Plea, non-assumpsit. Issue to the court.

CHITTENDEN, To sustain the issue on their part, the plaintiffs offered
January, evidence tending to prove that the said Chloe, in 1831, then
1841.

Hibbard the wife of one Forsaith, owned in her own right certain pre-
v. mises in Burlington ; that she made a bargain with the defen-
Whitney. dant to give him a title to those premises, and the defendant
was to pay her five hundred dollars, and deed to her, or her
order, certain premises in Burlington, which he owned, and
which he had bought of one Henry Whitney. And the plain-
tiffs' evidence tended to show that the defendant had not,
though specially requested, deeded to the plaintiff, Chloe, or
her order, the whole of the premises he had so bought of
Henry Whitney, but only a portion of them.  The defen-
dant insisted that, by virtue of the original agreement, he was
only to deed a certain portion of the land deeded to him by
Henry Whitney, and that he had deeded to the plaintiff,
Chloe, all the land he had contracted to deed.  The
whole evidence respecting the contract was in parol, and
was admitted subject to the opinion of the court as to
its admissibility.  The plaintiffs also offered evidence tend-
ing to show that the said Chloe had fully performed the con-
tract on her part.

The court were of opinion that, as this agreement concern-
ed lands, parol evidence of the agreement was inadmissible,
and could not avail the party at law, and rendered judgment
for the defendant.

The case wholly turned on the question whether the plain-
tiffs were entitled to the admission of oral testimony, the con-
tract not having been in writing.  The plaintiffs excepted to
the decision of the county court.

J. Maeck, for plaintiffs, contended that as the plaintiff,
Chloe, had fully performed the contract, on her part, the case
was not within the statute of frauds, and that the testimony
offered by the plaintiffs should have been admitted by the
court below, and cited Wetmore v. White, 2 Caines' Cas.
109.   1 Fonblanque's Equity, 182, 183.   2 Caines' R. 120.
1 Greenleaf's Rep. 117.   Dane's Dig. 291.   Bower v. Bell,
20 Johns. R. 338.

Allen & Platt, for defendant.
The purpose of parol testimony, in this case, was to charge

the defendants upon a contract for the sale of lands. The defendant insists that such evidence was properly rejected by the court. Revised Statutes, p. 316, § 1, No. 4. Old do. p. 166, § 4.

Where the contract has been rescinded or ended by the act or consent of the parties, so that they are placed thereby in *statu quo*, either party can maintain general assumpsit for money paid. 1 Swift's Digest, 685. But it is otherwise where the contract continues open and has not been rescinded, for then the party must declare upon the contract and cannot resort to an action for money paid. 1 Swift's Digest, 685. *Hunt* v. *Silk*, 5 East, 449. *Taylor* v. *Hare*, 4 B. & P. 260.

This action is brought upon a contract which is not rescinded and, where the parties, according to the declaration, cannot be placed in *statu quo*, and it is not evidenced by writing. It is therefore void. *Kidder* v. *Hunt*. 1 Pick. 328.

In this case there was no part performance, and even if there were the plaintiffs' remedy should be in equity, and not at law. *Squire* v. *Whipple*, 1 Vt. R. 69. *Jackson* v. *Pierce*, 2 Johns, 226. *Meach* v. *Stone*, 1 Chip. Rep. 182.

The opinion of the court was delivered by

REDFIELD, J.—The object of this action is to recover damages for the non-performance of a parol contract to convey lands, on the ground that the contract had been performed on the part of the plaintiff. The only controversy is whether the contract has been performed. The contract is " for the sale of lands ;" the " action is upon the contract," and damages are sought to be recovered, because the contract has not been performed. No case more expressly within the statute of frauds could be supposed. The court think the action at law cannot be maintained.

If this were an action to recover the price of land, agreed to be paid in money, when it was admitted the land had been conveyed, and the only controversy was about the payment of the price, in money, or in any other mode, not within the statute of frauds, the action would well lie. *Bowen* v. *Bell*, 20 Johns. 338. *Goodwin* v. *Gilbert*, 9 Mass. 510. *Wilkinson* v. *Scott*, 17 Mass. 249. The same principle has been before recognized by this court. In such a case all that part of the contract, which was within the statute of frauds, had been

performed, by the execution and delivery of the deed.   But here the contract was " for the sale of lands" *on both sides.*   Part performance will never enable a party to sustain an action, at law, in direct violation of the terms of the statute of frauds.   Part performance is a ground of relief in equity, only, and there the court proceed mainly on the basis of relief from fraud.   *Meach* v. *Stone & Perry*, 1 D. Chip. 182. *Clinan* v. *Cooke*, 1 Scho. & Lef. 22,41.

Judgment affirmed.