PHILANDER DAVIS *v.* SAMUEL FARR.

*Sale of lands, or interest in, &c.    Statute of Frauds, &c.*

The plaintiff sold to the defendant his interest in a *certain* farm; there was no writing of any kind between the parties, but the defendant agreed "to step into plaintiff's shoes" and to clear him from certain mortgage notes held by one D., and also a $50 note given by plaintiff with surety to the said D. which had been indorsed on the mortgage notes as part payment; this sale was made in the spring of 1846, since which time defendant had been in possession of the farm; in March 1852, plaintiff paid one half the amount of the $50 note and costs &c. for which he seeks to recover in this action; it also appeared, that the plaintiff, and one H. who had owned jointly with plaintiff, had, with the assent of defendant quit-claimed to said D., but that D. only claimed to the extent of his mortgage; the quit-claim to D. was before the sale by plaintiff to the defendant—*Held*—1. That plaintiff to recover for money paid to defendant's use, must show that the debt which he paid had become the proper debt of the de-

fendant to pay, by a contract which was so authenticated, as to form the proper basis of an action in a court of law. 2. That the case came clearly within the provisions of the statute, (Comp. Stat. Chap. 64 § 1,) which provides, that "No action, shall be brought upon any contract for the sale of lands—or of any interest in or concerning them—unless in writing," &c.

ASSUMPSIT ; the action was commenced before a justice of the peace, and came to the county court by appeal.

Plea, the *general issue,* and *statute of limitations,* both of which were traversed by the plaintiff. The case was tried by the court.

The plaintiff claimed to recover a sum of money paid by him to one Almon Stoddard, on a certain note.

From the evidence in the case, the court found the following facts : The plaintiff and one David Hudson were the owners of a farm in Newark, on which farm one Lucius Denison held a mortgage to secure the payment of certain notes.

In November, 1844, the plaintiff and said Hudson called on Denison and wished him to give up the notes and mortgage he held, and take their notes and a new mortgage. Denison declined to do this, unless they would pay him $50, on the mortgage debt.

They procured Almon Stoddard to sign a note as surety for them to said Denison, for $50, dated November 30, 1844, payable in one year with annual interest, and this note was indorsed by Denison on the mortgage notes.

In the spring of 1845, Hudson sold out his interest in the farm to the defendant, who went into possession with the plaintiff. In the spring of 1846, in April, the plaintiff sold his interest in the farm to the defendant, and the plaintiff then left the farm, and the defendant has had the sole possession and occupancy of the same ever since.

In consideration of this sale by plaintiff to defendant of his interest in said farm, the defendant agreed with the plaintiff "*to step into his shoes, and to clear him*" from the said mortgage notes, and also the said $50 note given to Denison, as before stated.

No writing of any kind was executed between plaintiff and defendant, at the time of the trade, or at any time.

It also appeared, that in September, 1845, while plaintiff and defendant were in the possession of said farm together, the plaintiff and Hudson executed a quit-claim deed of the farm to said Denison, to prevent the crops growing on the farm from being

attached, and this was known, and assented to, by the defendant. Said Denison had never claimed any other interest or title in said farm, than his mortgage upon it, and the title still remains in said Denison, as above stated, though the defendant has paid to Denison, a part of said mortgage debt. Stoddard, the surety paid said note of $50, to Denison, and brought a suit against the plaintiff to collect one half the amount so paid; and in March, 1852, the plaintiff paid the same to said Stoddard.

The defendant objected to parol evidence being received, to prove the defendant's agreement above stated; but the court overruled the objection, to which decision the defendant excepted.

Upon the foregoing facts, the court,—POLAND, J., presiding,— rendered judgment for the plaintiff to recover of the defendant the sum so paid to said Stoddard, and the interest on the same since.

Exceptions by defendant.

*A. J. Willard* for defendant.

*E. A. Cahoon* and *H. S. Bartlett* for plaintiff.

This was a contract by which defendant agreed "*to step into plaintiff's shoes and clear him*" from the mortgage notes, and the $50 note; for the non-payment of one half of the said $50 note, this suit is brought. Defendant went into possession of the premises in April, 1846, and has had the sole occupancy ever since. The defendant has paid part of the mortgage debt, and virtually accepted a deed, by his assent to the deed executed by plaintiff to Denison.

The land was conveyed, the contract has been fully performed by both parties, nothing remaining but a payment of a part of the purchase money.

Indeed, this would seem to be a sale of a contract, or plaintiff's rights or chance in a contract, rather than a sale of land. But admitting the original agreement embraced an interest in land, this action at most, merely concerns the *price of land*, which by the statute of frauds is not required to be in writing, or to be proved by a written agreement. *White* v. *Miller*, 22 Vt. 380. *Thayer* v. *Vilas et al.*, 23 Vt. 494. *Hibbard* v. *Whitney*, 13 Vt. 21.

This is only a demand for money arising out of a previous *contract*, and *assumpsit* will lie. *Wilkinson* v. *Scott*, 17 Mass. 249. *Goodwin* v. *Gilbert*, 9 Mass. 510. *Pomeroy* v. *Winship*, 12 Mass. 514. *Shepherd* v. *Little*, 14 Johns. 210. *Bowen* v. *Bell*, 20 Johns. 338.

2. The statute of limitations (if the defendant urges it) does not apply. This is a contract of indemnity by which defendant is to *clear* plaintiff from the note ; not a promise to pay the note the day of its maturity. Indeed, the note had been long *over due* when this agreement was made. The statute began to run at the time plaintiff paid the note. *Crofoot* v. *Moore*, 4 Vt. 204.

The opinion of the court was delivered by

REDFIELD, Ch. J. This is an action of assumpsit, declaring for money paid, and also on a special contract. The consideration alleged in the special contract is the conveyance, by the plaintiff of his equity of redemption in certain premises, to one Lucius Denison, for the benefit of the defendant.

The facts proved are, that plaintiff and one Hudson were the owners of the equity of redemption, and defendant had bought Hudson's right, by verbal contract, and gone into possession, and was carrying on the land jointly with the plaintiff. To prevent the attachment of the crops, by creditors, but whose creditors, or whose interest, is not stated, the plaintiff and Hudson, with the knowledge and assent of defendant, conveyed the land by quit-claim, to Lucius Denison, who held a mortgage on the premises. This was in September, 1845. In April, 1846, the plaintiff " sold his interest in the farm to defendant, and left it, and defendant has occupied it since." The case states, that in consideration of this sale, by plaintiff to defendant, *of his interest in said farm* the defendant agreed with the plaintiff " to step into his shoes and to clear him" from said mortgage notes, and also a $50 note given by plaintiff with surety to Denison, which had been indorsed on the mortgage, as part payment. The plaintiff paid half the amount of the $50 note and costs, &c., in March, 1852, which he seeks to recover in this action, and for which the county court rendered judgment in his favor. The defendant plead, and relied upon the statute of limitations in his defense, and also that the contract was one upon which the plaintiff could not recover, at

law, without showing the same to have been reduced to writing. The case states that "no writing of any kind was executed between the plaintiff and defendant,—at any time." The defendant objected to the kind of evidence offered by plaintiff, and to the judgment in his favor, and took exceptions upon both points. There is no testimony in the case tending to show, that at the time of the conveyance of plaintiff's title to Denison, the sale to defendant was in contemplation by either plaintiff or defendant.

It seems to us difficult to sustain the judgment below, upon three grounds.

I. There is no testimony in the case, and of course, it was not within the discretion of the county court as triers of the fact to find, that the conveyance to Denison constituted the consideration of the defendant's undertaking. The case indeed finds the contrary, when it states that, "In consideration of this sale by plaintiff to defendant, (which was in the spring of 1846,) of his interest in said farm, the defendant agreed with the plaintiff," &c. The plaintiff then did not prove either of his special counts. He could only recover then as for money paid to defendant's use. To sustain this he must show, that the debt which he paid had become the proper debt of the defendant to pay, by a contract which was so authenticated, as to form the proper basis of an action, in a court of law. This brings us to the second point.

II. The statute of this state, Comp. Stat. Chap. 64 § 1, provides, that "No action—shall be brought upon any contract for the sale of lands,—or of any interest in or concerning them." The case here states, in express terms, that the consideration of defendant's promise, upon which judgment was given, "was the sale by plaintiff to defendant of his interest in said farm," and that "no writing of any kind was executed upon the occasion, or at any other time," in regard to the matter. How it is possible then to escape from the statute, short of disregarding its express and most explicit terms and obvious import, it is certainly difficult for us to comprehend. It is true, that if the interest in the land, which forms the substratum and consideration of the contract, has been conveyed, by proper conveyances, the case is said to be so far an executed contract, that it is taken out of the evil, and virtually out of the terms of the statute, and an action will lie for the money, which was the price of the conveyance. *Brown* v. *Bell,*

20 Johns. 338. *Hibbard* v. *Whitney*, 13 Vt. 21, and cases cited. And it makes no difference whether the action is by the vendor or vendee of the land. It is equally upon a contract for the sale of an interest in land. There is perhaps this difference in the position of the vendor and vendee. If the former has performed on his part, by conveying the land, the case is thereby taken out of the statute, and he may sustain an action for the money, while if the vendor has paid the money, he can only recover back his money, and not the price of the land, which he would be entitled to claim, if the contract were in writing. Payment of the price is not such part performance as will take the case out of the statute.

As this case stands, it might be possible perhaps to regard Hudson's conveyance to Denison, as a conveyance for the benefit of defendant, so far as his half was concerned, which defendant had before purchased, as a trust might possibly thereby result in favor of defendant. But this is questionable. But in regard to the conveyance of plaintiff's interest to Denison, it either left still an equity of redemption in plaintiff, as before, or a trust in his favor, which might enable him in equity to compel Denison to convey upon payment of the sum due upon the mortgage. But clearly the *interest* in the land, for which defendant promised to pay, was in plaintiff, and without some conveyance, in writing, it will be impossible for defendant to so connect himself with the right to redeem, as to sustain a bill for that purpose, in his own name against this mortgage. It is probable, that the contract has been so far performed, as to enable the defendant to sustain a bill in equity against Denison and the plaintiff, to obtain leave to redeem. But it is clear the defendant can maintain no suit upon the contract to compel plaintiff to pay damages for not conveying his equity of redemption, and should defendant pay the mortgage, as he already has in part, it would only vest plaintiff's half of the title, either in himself or in Denison, in trust for him. There has as yet, been created no privity, between Denison and defendant, by any contract, which the law recognizes, as sufficient for that purpose. We think, therefore, the defendant is not liable to an action upon this contract. If he chooses to lose, what he has paid and let the land go to the plaintiff, he is still at liberty so to do, having never entered into any contract, which the law recognizes

as the proper basis of an action.   A decision controlling this case in many of the points was made in this county some years since, which I do not find reported.

III. In regard to the statute of limitations, it is no doubt a full defense to the action, unless defendant's promise was a mere indemnity.   But it seems to have been a promise " to stand in plaintiff's shoes."   How defendant could do this, and not promise to pay the notes, it is not easy to perceive.   The other portion of the contract looks more like an agreement to save harmless.   But if the contract had been in writing, it seems to me, the plaintiff might have sued immediately and recovered the full amount which defendant undertook to pay, as was held in a recent case in Windsor county.   At all events the second point presents insuperable difficulties to any recovery.

Judgment reversed and case remanded.