## SILAS H. HODGES AND JULIA HODGES HIS WIFE *v.* WILLIAM GREEN.

*Agency. Pew in a meeting-house. Statute of frauds. Performance of contract for conveyance of real estate.*

*Held*, that the facts and testimony in the present case did not show a case of agency on the part of the defendant.

A pew in a meeting-house is real estate.

A promise to pay a specified price for real estate, conveyed or agreed to be conveyed to the promisor, need not be in writing. If the whole agreement for the conveyance of the real estate, and for the payment of its consideration, be by parol, and there is a conveyance, or a sufficient tender of a conveyance, according to that part of the agreement, an action will lie upon the promise for the agreed price.

If the person to whom the real estate was to be conveyed, and who promises to pay for it, takes possession, and thereafter deprives the other party of all beneficial use or enjoyment of it, he cannot object to the time of the conveyance or of the tender of a conveyance of the legal title, if it was before the commencement of the suit, and he has sustained no injury from its not having been attended to sooner.

ASSUMPSIT for the price of a pew. Plea, the general issue; trial by the court, March Term, 1855,—PIERPOINT, J., presiding.

In August, 1852, the plaintiff Julia Hodges, was the owner of a slip in the Baptist meeting-house in Rutland. The Baptist society, about that time, resolved to repair and remodel their meeting-house, and appointed the defendant to purchase the slips of such persons as were not members of said society. The defendant soon after called on the plaintiff Silas H. Hodges, and told him what the society had resolved to do to the meeting-house, and that he (the defendant) wished to buy the slip, and would give fifteen dollars for it. Said Silas told him he could not give an answer until he had seen his wife. Within a few days, the defendant called again, and said Silas, (having consulted his wife, and she having consented to the sale,) told the defendant they would sell the slip for fifteen dollars; the defendant said he would take it, and it was agreed that a deed of the slip should be executed by the plaintiffs to the defendant. The defendant did not succeed in purchasing many slips, and the society resolved to go on, and remodel the house, without regard to the purchase of the slips, and did proceed; and took out all the old slips, made new slips, and remodeled and so arranged the same, that the identity of the old slips was des-

troyed. The defendant was one of a committee of three, who were appointed by the society to superintend such repairs and alterations, and took an active part in directing the repairs and alterations as they were being made.

Soon after the last interview, above stated, the defendant called upon said Silas for a deed, who told him he would furnish it in a few days; but within a few days said Silas left town, and was absent most of the time, until the summer of 1853, when he offered to the defendant a deed of the slip duly executed, which the defendant refused to receive, or to pay for the slip. The defendant never claimed any title to the slip, by virtue of any purchase of the same. The whole of the negotiation and contract between the parties was oral, nothing being in writing except the deed offered to the defendant.

Upon the facts, as above set forth, the county court rendered judgment for the defendant, to which the plaintiffs excepted.

*S. H. Hodges* for the plaintiffs.

The plaintiffs had only a mere easement in the pew. When that was destroyed, their whole estate in the premises was gone, and the defendant obtained all that he had bargained for. A deed afterwards, was a mere nullity, there being nothing to convey. *Kellogg* v. *Dickinson*, 18 Vt. 266. *Howard* v. *The First Parish of N. Bridgewater*, 7 Pick. 138. *Voorhees* v. *The Presbyterian Ch. in Amsterdam*, 8 Barb. Sup. C. 135 ; (12 U. S. Dig. 457.)

The statute of frauds does not apply to actions brought to recover the consideration money of lands which have been conveyed. Neither does it apply to such actions, where the purchaser has had the full benefit of the contract, and the vendor has no other remedy, as in this case. *Thayer* v. *Viles*, 23 Vt. 494. *Vimont* v. *Still*, 6 B. Monroe 474, (8 U. S. Dig. 203.) *Abell* v. *Douglass*, 4 Denio 305. *Rhodes, Admr.* v. *Storr*, 7 Ala. 340, (5 U. S. Dig. 69.) *Mayfield* v. *Wadsleigh*, 3 B. & C. 357.

The contract was, in effect, a license, and the defendant could not be treated as a trespasser *ab initio.*

*Harrington & Prout* for the defendant.

I. The defendant was acting merely as the agent of the Baptist society. The case shows that the society appointed him agent to

purchase the slips, and that he informed the plaintiff Silas what the society had resolved to do to the meeting-house, from which the plaintiff must have understood that the defendant was acting in their behalf, and not on his own account.

II. The contract is within the statute of frauds, being for the purchase of lands, or an interest in or concerning them. *Chapman* v. *Eddy*, 13 Vt. 205; *Kellogg* v. *Dickinson*, 18 Vt. 266; *Gay* v. *Baker*, 17 Mass. 435; *Daniel* v. *Wood*, 1 Pick. 102.

III. The deed was not executed and offered within any reasonable time. *Ballard* v. *Walker*, 3 Johns. Ch. 60.

The opinion of the court was delivered, at the circuit session in June, by

Isham, J. We perceive no objections to the plaintiffs' recovery in this case, on the ground that the defendant, in purchasing the pew, was acting as agent, under a resolution of the Baptist society, to repair and remodel their meeting-house. The defendant did not contract in the name of the society, nor have the plaintiffs any right to call on them for payment of this claim. By the express agreement of these parties, the pew was to be transferred to the defendant, and he personally agreed to pay the stipulated price. The purchase and the responsibility of payment, was assumed by the defendant in his individual capacity. If any legal liability is created by that contract, we think it rests on the defendant. *Simonds* v. *Heard*, 23 Pick, 125.

A more serious question arises in this case, whether this contract is rendered void by the statute of frauds. The case of *Kellogg* v. *Dickinson*, 18 Vt. 266, fully establishes the legal rights of the owner of a pew; that he has a property in it which partakes of the character of real estate, and that an action at law can be sustained against any one who unlawfully disturbs him in its possession and use. In the case of *Baptist Church* v. *Bigelow*, 16 Wend. 28, it was held, that the interest of a party in a pew, is an interest in real estate, and comes within the statute of frauds. The same doctrine is sustained by Ch. Kent; 3 Kent's Com. 489. It seems to be well settled by the authorities, that the plaintiffs contract to transfer their pew to the defendant, was one for the sale of some interest in real estate, which the statute requires should be re-

duced to writing. If the plaintiffs had refused to transfer that pew, to the defendant, in pursuance of their verbal contract, whatever may have been the damages resulting from it, no action at law could be sustained against them. The present action, however, is not of that character. It is not brought upon any contract of the defendant to convey land, or any interest whatever in real estate, but upon a contract to pay a specified sum of money. It is for the consideration money alone for which this action is brought. Upon the question whether that contract is within the statute of frauds, there is a decided conflict between the English and American cases. In the case of *Cocking* v. *Ward,* 1 Man. Gran. & Scott 858, it was held, that an agreement to assign a leasehold interest, and to endeavor to procure the landlord to accept a substituted tenant, was an agreement for an interest in real estate, and within the statute of frauds, and that a special declaration in assumpsit could not be sustained for the stipulated consideration, notwithstanding the transfer had been made, and nothing remained to be done but to pay the stipulated price. The same point was determined in the case of *Kelly* v. *Webster,* 10 Eng. L. & Eq. 517, Maule, J., observing that " it need not be a contract for the sale of land to be within the statute ; if it be a contract relating to the sale of land, it is enough." The doctrine of those cases was afterwards confirmed in the late case of *Smart* v. *Harding,* 29 Eng. L. & Eq. 252. The principle, however, is recognized in those courts, that if, after a conveyance has been made, the defendant acknowledges his indebtedness upon that matter, a recovery may be had on the general counts, for the sum agreed to be paid. But that fact not appearing in this case, we think that, upon the English authorities, this action cannot be sustained.

In this country, to a great extent, the decisions upon this subject have been otherwise. In the case of *Bowen* v. *Bell,* 20 Johns. 338, it was held that an action of assumpsit could be sustained to recover the stipulated price, for land which had been transferred, and of which the defendant had taken possession, and that the contract for the payment of the money was not within the statute of frauds. Woodworth, J., observed that " it is not a case within the statute of frauds. The contract was perfected by giving the deed. The claim now is to pay the value. The action is not on an contract for the sale of lands, or any interest in lands, although it

be raised from an agreement concerning an interest in lands. Actions have frequently been brought in our own courts, to recover the consideration for land sold and conveyed." In that case there was no subsequent agreement to pay the price, but the action was founded upon a parol contract, made at the time possession of the property was taken. The same general doctrine was held in the case of *Shepherd* v. *Little,* 14 Johns. 210. We think it immaterial whether the action be in general or special assumpsit; provided the contract has been executed by the plaintiff, and the defendant's promise is absolute. The law will raise no contract, where, upon the same facts, a special promise would be void, and if general assumpsit can be sustained, then, upon the same facts, an action can be sustained upon a special promise.

In the case of *Wilkinson* v. *Scott,* 17 Mass. 249, it was held, that an action lies to recover part of the consideration for the conveyance of real estate, which, by mistake, had not been paid. PARKER, CH. J., observed that " it is not a case within the statute of frauds, because it is not a contract for the sale of lands. That contract was executed and finished by the deed. This is only a demand for money arising out of that contract." The same doctrine was held in the case of *Pomeroy* v. *Winship,* 12 Mass. 523 ; *Davenport* v. *Mason,* 15 Mass. 85 ; *Brackett* v. *Evans,* 1 Cush. 79 ; *Preble* v. *Baldwin,* 6 Cush. 554. In the last case, WILDE, J., observed, " this action is founded on a parol contract, never in any part reduced to writing, but the deed was made in pursuance of that contract, and it is as binding and valid a contract, as if it had been reduced to writing."

In this state the same doctrine has been recognized and sustained. In the case of *Hibbard* v. *Whitney,* 13 Vt. 21, an action was brought to recover damages for the non-performance of a parol contract to convey lands. The court held that the case was clearly within the statute, and that part performance was a ground only for equitable relief. It was, however, observed, " if this were an action to recover the price of land, agreed to be paid in money, when it was admitted the land had been conveyed, and the only controversy was about the payment of the price in money, or in any other mode, not within the statute of frauds, the action would well lie. The same principle," the court observed, " has been before recognized by this court. In such a case, all that part of the contract,

which was within the statute of frauds, had been performed by the execution and delivery of the deeds." In the case of *Thayer* v. *Viles*, 23 Vt. 497, the court observed, that "if this action merely concerns the price of the land, it is not a matter which, by the statute of frauds, is required to be in writing. It has often been decided that an action for the price of land, which has already been conveyed, might be maintained upon merely oral evidence." The same doctrine was again recognized in the late case of *Davis* v. *Farr*, 26 Vt. 596. Although the rule may be otherwise settled in England, yet we feel no disposition to depart from the construction of that statute, in this particular, which has been given to it in the cases referred to from New York and Massachusetts, and which has been so frequently recognized in this state. We think, therefore, there is no objections to the plaintiffs' recovery, arising from the statute of frauds.

We are satisfied, also, that the case shows a sufficient performance of the contract by the plaintiffs, to entitle them to recover the price of the pew. The deed was offered to the defendant before the commencement of this action, though not until several months after its execution had been requested. The delay of that matter for a season, was in pursuance of a mutual understanding. In the mean time, the defendant took the possession and control of the property, and has entirely destroyed its identity. He has been placed in the same situation, and in the enjoyment of all the rights he would have had, if the deed had been executed. It is not for him, under those circumstances, to refuse to accept the deed, and pay for the property he has taken, particularly as the defendant at no time had repudiated the purchase, in season to enable the plaintiffs to protect their rights ; and no pretence was made, that any injury or inconvenience had been sustained, in consequence of that delay. The plaintiffs can sustain no action of trespass for taking and destroying the pew; the contract of sale will prevent that, and, in fact, they have lost their property and are remediless, unless this remedy is open to them. We think the plaintiffs are entitled to recover the stipulated price of the pew.

The judgment of the county court must be reversed, and the case remanded.