THE ASCUTNEY BANK, THE BANK OF NEWBURY AND THE ORANGE COUNTY BANK *v.* ROBERT McK ORMSBY.

*Action upon promise to furnish security for purchase money of real estate. Statute of frauds.*

If the purchaser of property, which is conveyed to him, promises but neglects to furnish security for the payment, at a future day, of that part of the purchase money which is unpaid, an action may immediately be commenced and maintained against him for its recovery.

In such an action the declaration should be special and count upon the promise to furnish security; and the rule of damages would be the sum to have been secured.

If the seller declines to make a transfer of the property until the security is furnished but the purchaser fraudulently obtains the possession of it, (or of the deed of it, if real estate, as in the present case,) the seller may waive the tort, and maintain an action on the promise to furnish security.

In a contract for the sale of real estate, a deed of which is executed and delivered, a promise by the purchaser to pay the consideration or furnish security for it, is not within the statute of frauds; and, if only by parol, an action may be maintained upon it.

ASSUMPSIT. The declaration alleged that the plaintiffs offered for sale at public auction a piece of real estate in Bradford, the conditions of the sale being that one-third of the purchase money should be paid down, and satisfactory security given for the remainder, payable one-half in one, and the other half in two years, upon the furnishing of which, by a given day, a deed and the possession of the premises was to be given; that the defendant was the highest bidder for, and was declared the purchaser; that the defendant did pay one-third part of the purchase money, but did not and

47

would not furnish security for the remainder, though the plaintiffs had executed to him a valid deed of the premises, which they were ready to deliver upon his complying with the conditions of the sale, but that the defendant fraudulently obtained said deed from the possession of the plaintiffs, and caused it to be recorded, and then took possession of and had since occupied said premises,—but had ever refused to pay or secure the balance of the purchase money.

The defendant plead in bar that the promises relied upon in the plaintiff's declaration were contracts for the sale of land, and that no agreement in reference to them, nor any memorandum or note thereof, was in writing, or signed by the defendant, or by any person by him authorized, &c.

To this plea the plaintiffs replied the execution by them and the obtaining by the defendant of their deed, and his taking possession of said premises, &c., and to this replication the defendant demurred.

The county court, June Term, 1855,—POLAND, J., presiding,— adjudged the replication insufficient, to which the plaintiffs excepted.

*C. W. Clarke* and *P. T. Washburn* for the plaintiffs.

1. The defendant's refusal to give security, in accordance with the contract, absolved the plaintiffs from all obligation to give time and entitled them to sue at once; *Gilman* v. *Hall*, 11 Vt. 510; *Eddy* v. *Stafford*, 18 Vt. 237; *Tyson* v. *Doe*, 15 Vt. 571.

2. The replication is a sufficient answer to the plea of the statute of. frauds; *Philbrook* v. *Belknap*, 6 Vt. 383; *Bowen* v. *Bell*, 20 Johns. 338; *Wilkinson* v. *Scott*, 17 Mass. 249; *Brackett* v. *Evans*, 1 Cush. 79; *Preble* v. *Baldwin*, 6 Cush. 554; *Hibbard* v. *Whitney*, 13 Vt. 23; *Thayer* v. *Viles*, 23 Vt. 497.

*R. McK Ormsby pro se.*

1. The action in this case counts on the contract, and claims damages for its breach. The contract is for the sale of land. Without being in writing no action will lie on such contract; Comp. Stat. chap. 64, § 1.

It is sometimes said that the complete execution of the contract by the vendor entitles him to an action for the money. This, in some cases, according to the American cases, may be so; but the money must be due, so that debt or general assumpsit will lie for

it. There is no case where it has been held that an action will lie for the breach of the contract in such cases; *Cocking* v. *Ward,* 1 C. B. 858; 12 *id.,* reported in 10 Eng. Law & Eq. 521; *Davis* v. *Farr,* 26 Vt. 592; 13 Vt. 21.; *Kidder* v. *Burt,* 1 Pick. 328.

3. When such a contract has been executed by the vendor, it has been held, a promise to pay the purchase money is implied by law from the execution and acceptance of the conveyance, on which implied promise an action of general assumpsit will lie; Parsons on Contracts, vol. 2, p. 315–319. This is the only theory that can be found for the American decisions on this subject; but is a theory based upon these decisions, and not on the principles of the common law. The common law teaches that promises are only implied in the absence of contracts.

The opinion of the court was delivered, at the circuit session in October, by

ISHAM, J. It is unnecessary to say, in this case, what would have been the plaintiffs' right, had they instituted proceedings to recover the possession of the premises, or to avoid the deed which, it is admitted by the demurrer, was fraudulently obtained from them and placed on record. The plaintiffs had the right to waive the tort under which the deed was obtained, and treat the premises as having been conveyed under their contract. It is not for the defendant to object to that course, or claim any advantages he otherwise would not have had, arising from his wrongful act in obtaining the deed and the possession of the premises in that manner. It was competent for the plaintiffs also to waive their right to retain the deed in their possession until the securities for the payment of the balance of the purchase money was deposited with them as stipulated. If they saw fit to deliver the deed before the securities were furnished, or to treat the deed then in the possession of the defendant, as having been delivered under their contract, they had a right so to do, and to hold the defendant to the performance of his contract. In commencing this suit to recover the price agreed to be paid for the premises, the plaintiffs proceed upon the ground that the deed has been delivered, that the defendant has acquired a title to the premises under it, and that they now rely upon the defendant's promise to pay the stipulated price for the land con-

veyed to him. In thus treating the matter as a contract, the plaintiffs must take the contract altogether, and be bound by all its provisions. If the defendant, at the time the request was made, or at any other time within the period limited by the contract, had furnished the securities for the balance of the purchase money, it is clear that this action could not be sustained. The defendant would have been entitled to the whole time of credit for the payment of the money, as it was stipulated when the purchase was made, and no action, in the interim, could have been sustained. *Strutt* v. *Smith*, 1 Crom. Mees. & Ros. 312; *Ferguson* v. *Carrington*, 9 Barn. & Cres. 59. But the neglect and refusal of the defendant to furnish the securities when requested for that purpose, or within the time stipulated, will prevent the defendant from claiming the benefit of the stipulated credit. The plaintiff has the right, on such a refusal, to commence his action immediately, and recover the balance due. In such case, the declaration should be special on the contract to furnish the security, and not in general assumpsit, and the rule of damages will be the sum agreed to be paid. *Eddy* v. *Stafford*, 18 Vt. 237; *Mussey* v. *Price*, 4 East 147; *Hinckly* v. *Hardy*, 7 Taunt. 312.

In relation to the question arising under the statute of frauds, it is sufficient to observe that this question has been decided by this court, during the present circuit, in the case of *Hodges & Wife* v. *Green*, ante p. 358. We can add nothing more upon that question to what was said in that case. The English authorities sustain the general principle, that a promise to pay the consideration money on the sale of an interest in real estate, is within the statute and void, at law, unless the promise is in writing. The case of *Cocking* v. *Ward*, 1 Man., Gran. & Scott 858; *Kelly* v. *Webster*, 10 Eng. L. & Eq. 517, and *Smart* v. *Harding*, 29 Eng. L. & Eq. 252, are very decisive as to the English rule on that subject. The courts of that country will sustain no action on the express contract for the money agreed to be paid on the sale of land, unless in writing. But, if there has been a subsequent acknowledgment of the debt, they will allow a recovery on that evidence, under the general counts, for the the amount due. The rule in this country, and particularly in this state, is otherwise; and where the land has been conveyed, and the contract fully executed on the part of the grantor, and nothing re-

mains to be done but the payment of the stipulated price for the land, an action at law can be sustained. *Bowen* v. *Bell,* 20 Johns. 338; *Wilkinson* v. *Scott,* 17 Mass. 249; *Brackett* v. *Evans,* 1 Cush. 79; *Preble* v. *Baldwin,* 6 Cush. 554; *Hibbard* v. *Whitney,* 13 Vt. 21; *Thayer* v, *Viles,* 23 Vt. 497; *Davis* v. *Farr,* 26 Vt. 596. In such case, all that part of the contract which was within the statute of frauds has been performed by the execution and delivery of the deed. The contract to pay the money, in such case, is not within the statute. We think the replication is a sufficient answer to the plea, and that the plaintiffs are entitled to recover the balance due on that purchase.

The judgment of the county court must be reversed, and judgment rendered for the plaintiffs.