HON LUKE P. POLAND,
HON. ASA O. ALDIS, } ASSISTANT JUDGES.
HON. LOYAL C. KELLOGG,

---

### ARNOLD P. KING *v.* JONATHAN C. SMITH.

*Contract. Statute of frauds. Tender.*

A tender by the vendor, in a verbal contract for the sale of real estate, of a sufficient deed, within the terms of the contract, to the vendee who refuses to accept it, is not equivalent in law to an acceptance of the same by the latter, and is not such an execution of the contract as will enable the vender to recover in an action of assumpsit for the price of the real estate.

King *v.* Smith.

Assumpsit to recover the price of real estate sold by the plaintiff to the defendant. Plea the general issue, and trial by jury at the June Term, 1859,—Barrett, J., presiding.

The evidence on the part of the plaintiff tended to prove that he resided in the State of Connecticut; that he owned a certain house and lot in Farwell Village, in the town of Randolph, in this State, and a small wood lot situated about half a mile from the house; that one York, who resided near the premises, was the plaintiff's agent in reference to this property, and as such agent, about the 6th of November, 1858, made a verbal contract with the defendant to sell him the house and lot and wood lot for the sum of four hundred and sixty-five dollars, fifteen dollars to be paid down, and the balance when the deeds should be obtained, the deeds to be procured as soon as convenient, and to be good warranty deeds executed by the plaintiff and his wife; that the defendant paid the fifteen dollars down at the time of the contract, and within three or four days moved into the house; that York wrote to the plaintiff at once for the deeds, and about the 19th of November received a deed of the house and lot, executed by the plaintiff and his wife, and a deed of the wood lot executed by the plaintiff but not by his wife; that he offered the deeds to the defendant, who declined to receive them, for the reason that one of them was not executed by the wife of the plaintiff; that thereupon York said he would send for another deed as quick as possible that would be satisfactory, and proposed to the defendant that to settle and close up the trade he would give him his bond, with a good surety, to procure the defendant a good deed, if that would satisfy him; that the defendant did not incline to settle it in that way, but said that his own (York's) bond was good enough without a surety; that thereupon the parties separated and nothing more was then said or done between them; that York immediately sent to the plaintiff for another deed of the wood lot, and on the 6th of December received it, executed by the plaintiff and his wife, and on the same day offered it, together with the deed of the house and lot above mentioned, to the defendant who declined receiving them, assigning as a reason that so long a time had elapsed that he had made other arrangements and bought another place;

that the defendant had not accepted the deeds and had not paid the plaintiff for the premises; that the defendant continued to occupy the house until sometime in March, 1859, when he vacated it and on the 17th of March gave York verbal notice thereof, and that the plaintiff has had nothing to do with the premises since the defendant took possession of the house as above stated.

The two deeds, last tendered, were introduced in evidence.

The defendant insisted to the court, among other things, that he was released from his obligation to pay for the land and house on account of the failure of the plaintiff's agent to procure such deed or deeds as the contract required.

The court declined to rule as above claimed, and intimated to the counsel that they should charge the jury substantially as follows: That if, when the first set of deeds were offered to the defendant and declined by him because one of them was not executed by the wife of the plaintiff, it was understood between York and the defendant that York was to send for and procure a deed of the wood lot, executed by the plaintiff and his wife, in performance of the contract of the sale and purchase of the property in question; or if the defendant did not then make an end of the contract by declining thereafter to accept deeds duly executed by the plaintiff and his wife, but by what he said and did gave York reasonably to understand that he would accept such deeds when procured and offered in performance of the contract, and in pursuance thereof York did procure such deeds as soon as he conveniently could, and tendered them to the defendant, as the evidence tended to show, that would constitute a tender of performance on the part of the plaintiff such as would render the defendant liable to perform on his part:

That it was the duty of the defendant in some way reasonably to give York to understand, when the first set of deeds were tendered to and declined by him, and York was proposing to send for another sufficient and satisfactory deed of the wood lot for the defendant in performance of the contract, that he, the defendant, would not thereafter receive them; and unless he did so, if York did send for and procure such deed of the wood lot, executed by the plaintiff and his wife, as soon as he conveniently

King *v.* Smith.

could, and then tendered the two deeds thus executed, as the evidence tended to show, the defendant would be liable in this action : That if from what passed between York and the defendant in relation to the bond, it was understood by the parties that the defendant declined thereafter to receive the deeds when both should be procured, duly executed, unless such bond was given ; then, as such bond was not given, the subsequent procuring and tender of the deeds would not affect the defendant, and the plaintiff could not recover.

Upon this intimation the counsel for the defendant submitted to a verdict for the plaintiff, with leave to except to the foregoing as the charge of the court.

*Wm. Hebard,* for the defendant.

*P. Perrin* and *P. T. Washburn,* for the plaintiff.

REDFIELD, Ch. J. The only question in the present case is, whether in a verbal contract for the sale of land the tender of a sufficient deed within the terms of the contract is to have the same effect as the actual acceptance of the conveyance by the vendee ? In the latter case it has been repeatedly held in this State that the vendor may recover the price. This was so held in *Hibbard* v. *Whitney,* 13 Vt. 21 ; *Davis* v. *Farr,* 26 Vt. 596 ; *Ascutney Bank* v. *Ormsby,* 28 Vt. 721 ; and in *Hodges & Wife* v. *Green,* 28 Vt. 358. In this last case there had been a tender of a deed, and there is an intimation in this case that the tender was equivalent to a delivery. But this is to be understood with reference to the facts of that case. There the thing sold had been used up by the vendee. There was no importance in an actual conveyance as the thing no longer existed, unless it were as an indemnity against any claim for destroying the pew. In that view the tender was all the vendor could do, if the vendee refused to accept the deed. But when that case was last before the court, this point was so explained.

We think, therefore, that this contract was not so far executed as to enable the vendor to recover the price.

Judgment reversed and cause remanded.