THANKFUL CHILD, ADM'X, V. WILLIAM PIERCE AND OTHERS..

*Implied Promise on Failure of Consideration.*

If after the sale of land the consideration fails totally, the law raises an implied promise that the grantee will pay the amount of the consideration actually agreed upon.

A obtained the discharge of a mortgage by conveying a part of the land to the sons of B, the mortgagee, at B's request. It afterwards appeared that the mortgage had already been discharged, and A's administratrix brought assumpsit against B's sons jointly. *Held*, that the action would lie, and that the measure of damages was the amount supposed to have been due upon the mortgage at the date of the conveyance.

Error to Ingham. Submitted June 13. Decided June 20.

ASSUMPSIT. The facts appear in the opinion.

*Cowles & Cahill* for plaintiff in error, claiming that when property is sold and something is received in payment which afterwards turns out to be no payment, the transaction stands as a naked sale, and the purchaser becomes liable to pay what the property is worth, cited *Galloway v. Holmes*, 1 Doug. (Mich.), 330; *Fiquet v. Allison*, 12 Mich., 328; *Ward v. Warner*, 8 Mich., 508; *Mann v. Stowell*, 3 Chand. (Wis.), 243; *Willson v. Foree*, 6 Johns., 110; *James v. Le Roy*, Id., 274; *Pierce v. Drake*, 15 Johns., 475; *Alsbrook v. Hathaway*, 3 Sneed (Tenn.), 454; *Roth v. Palmer*, 27 Barb., 652; *Ascutney Bank v. McKOrmsby*, 28 Vt., 721; *Price v. Reeves*, 38 Cal., 457; *Higgins v. Breen*, 9 Mo., 497; *Trongott v. Byers*, 5 Cow., 480; *Putnam v. Wise*, 1 Hill, 240, and note and cases; *Baker v. Robbins*, 2 Denio, 136; *Camp v. Pulver*, 5 Barb., 91; *Hinds v. Tweddle*, 7 How. Pr., 278; *Butts v. Collins*, 13 Wend., 154; *Palmer v. Stephens*, 1 Denio, 471; *Dusenbury v. Ellis*, 3 Johns. Cases, 70; *Rossiter v. Rossiter*, 8 Wend., 494; *M'fr's, etc., Bank v. Gore*, 15 Mass., 75; *Grafton Bank v. Flanders*, 4 N. H., 239; *Young v. Marshall*, 8 Bing., 43; *Hill v. Perrott*, 3 Taunt., 274; *Biddle v. Levy*, 1 Starkie's N. P. C., 20. Assumpsit

lies for the purchase price of lands. *Bowen v. Bell*, 20 Johns., 338; *Wilkinson v. Scott*, 17 Mass., 249.

*H. P. Henderson* and *M. V. & R. A. Montgomery* for defendant in error, urged that an administratrix could not sue for the value of land belonging to her intestate on the theory of an implied promise, and cited *Gilkey v. Hamilton*, 22 Mich., 283; *Holbrook v. Campau*, 22 Mich., 288; *Sheldon v. Rice*, 30 Mich., 296; *Campau v. Campau*, 25 Mich., 127; *Barnum v. Stone*, 27 Mich., 332.

MARSTON, J. It appeared in this case that George H. Strickland in his lifetime was seized and possessed of certain lands in Ingham county, which he had purchased from one John Pierce; that Strickland after the death of John Pierce, being about to sell this land, made an examination of the records in the register's office and there discovered the record of a mortgage purporting to have been given by said John Pierce to William Pierce; that Strickland then sent parties to William Pierce to ascertain whether he, William, claimed to have a mortgage upon his, Strickland's, farm, and in reply to such inquiries was informed that he did have, that it had been running a good while and that he then wanted his pay. Certain negotiations took place between the parties which resulted in an agreement that Strickland should convey to William Pierce twelve and one-half acres from off the north end of his farm and that in consideration thereof William Pierce would discharge this mortgage. In pursuance of this agreement a conveyance was made by Strickland of the twelve and one-half acres to the defendants in this case, sons of William Pierce, at the request of the latter, and the mortgage was then discharged of record. About six weeks after this conveyance and discharge was made the original mortgage was found among the papers of John Pierce, and upon it was an assignment thereof by the mortgagee to one F. M. Cowles, and also a discharge of the mortgage by Cowles. Upon making this discovery Strickland caused William Pierce to be arrested for the part he had taken in obtaining the con-

veyance, but this for some reason fell through. Some short time after this George Strickland died, plaintiff was appointed his administratrix, and brought an action of assumpsit against these defendants, grantees in the deed, to recover the consideration price of the land.

The defendants insist that the plaintiff cannot waive the tort and sue in assumpsit for the value of the land; that where personal property has been tortiously taken and sold the owner thereof may waive the tort and sue in assumpsit, but that this rule does not apply in case of real estate and that even if it did, the sales made by defendants of this land were several and not joint and that a joint action could not therefore be maintained against them for the price received by them for the land.

Defendants misconceive the real ground upon which this action is brought and sought to be maintained. The land was conveyed by George Strickland to defendants under a mutual express promise in consideration that a certain mortgage, which he then supposed to be a valid outstanding and unsatisfied mortgage against his lands, should be discharged. This was the consideration, and the only one, for the conveyance, and it failed *in toto* in consequence of the previous assignment and discharge thereof by the assignee which must have been known by William Pierce, the father of these defendants, with whom the agreement was made, but which was at that time unknown to Strickland. The consideration then having thus totally failed, the law raises an implied promise in favor of the grantor and against the grantees that they will pay the amount of the consideration which had actually been agreed upon. Had the indebtedness which this mortgage was given to secure not been paid, William Pierce, had he not assigned it, could have collected the amount thereof. An agreement to discharge the mortgage and a discharge in pursuance thereof, would, under the agreement, release and discharge Strickland from payment of the amount thereof in order to protect his property. Under the circumstances, the agreement was to pay Strickland for the land conveyed, the amount he supposed to be due upon this mortgage, but that instead of paying

him in money, the mortgage upon his property should be discharged, which as between the parties amounted to the same thing.   Had the agreement been to pay a certain money consideration and payment had been made in forged bank bills, clearly this would not have prevented Strickland from afterwards recovering in an action of assumpsit the real consideration agreed upon, and the fact that the grantees represented the bills to be good and genuine while in fact they knew the contrary, would not, we think, avail them as a defense.   The principle in this case is the same.   The amount supposed to be due upon the mortgage at the date of the conveyance was the real consideration agreed upon and constitutes in this case the proper measure of damages. *Canada v. Canada*, 6 Cush., 15; *Bowen v. Bell*, 20 Johns., 338; *Wilkinson v. Scott*, 17 Mass., 249; *Ascutney Bank v. McKOrmsby*, 28 Vt., 721.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.