JOHN McGINNIS v. E. F. COOK.

*Statute of Frauds. Parol Contract. Sale of Land.*
R. L. s. 981.

The plaintiff's house being mortgaged, he entered into a parol contract with the de-fendant to purchase the mortgage, sell the house, and after satisfying the mort-gage debt, costs, &c., to pay the balance to the plaintiff. The defendant pur-chased as agreed, foreclosed, and sold the house, the plaintiff in reliance on the contract allowing the equity of redemption to expire; *Held*, that the plaintiff in assumpsit could recover the balance; that the contract was not within the Statute of Frauds, in that it was not for the sale of lands or an interest in or concerning them, and could be completely performed within one year; that parol evidence was admissible to prove the contract.

ASSUMPSIT. Plea, general issue. Trial by court, Septem-ber Term, 1884, VEAZEY, J., presiding. Judgment for the plaintiff.

McGinnis v. Cook.

*Redington & Butler*, for the defendant, cited *Merrill* v. *Pease*, 51 Vt. 556; 1 Par. Cont. 428, 431; *Barron* v. *Tucker*, 53 Vt. 338, to prove that there was no consideration; that the agreement was a contract for the sale of land, and, therefore, invalid: R. L. s. 981; 11 Allen, 361; 41 Vt. 380; *Parker* v. *Barker*, 2 Met. 423; *Ballard* v. *Bond*, 32 Vt. 355; *Davis* v. *Farr*, 26 Vt. 593; *Buck* v. *Pickwell*, 27 Vt. 158; *Dyer* v. *Graves*, 37 Vt. 376; that it was not to be performed within a year. *Parks* v. *Francis'* Adm'r, 50 Vt. 626; *Hinkley* v. *Southgate*, 11 Vt. 428; *Blanchard* v. *Weeks*, 34 Vt. 591; 99 Mass. 461; 19 Pick. 364; 13 Mass. 309.

*P. R. Kendall* and *Lawrence & Meldon*, for the plaintiff.

The defendant took the property in trust to sell, &c., and is bound to account for the balance. Jones Mort. 339, 341; *Hess* v. *Fox*, 10 Wend. 437. If the defendant had refused to perform, and had kept the land, the plaintiff could have redeemed: *Woodward* v. *Cowdery*, 41 Vt. 496; or compelled specific performance. *Judd* v. *Moseley*, 30 Iowa, 424. The contract was not within the Statute of Frauds. Bro. St. Fr. ss. 82, 86; *Moffit* v. *Rynd*, 69 Pa. St. 386; 34 N. Y. 307; 15 Wend. 647; *Hodges* v. *Green*, 28 Vt. 358; 23 Vt. 494; 4 Conn. 568; *White* v. *Miller*, 22 Vt. 380; *Spencer* v. *Dearth*, 43 Vt. 307; *Hills* v. *Loomis*, 42 Vt. 562; *James* v. *Hodsden*, 47 Vt. 127; *Kelley* v. *Pember*, 35 Vt. 183; *Cabot* v. *Christie*, 42 Vt. 121; *Gifford* v. *Willard*, 55 Vt. 36; Rob. Dig. 724; *Campbell* v. *Dearborn*, 109 Mass. 130.

The opinion of the court was delivered by

WALKER, J. The plaintiff is not seeking by this action to enforce a contract for the sale of land or an interest in or concerning land. The action is brought to recover the balance which the plaintiff claims is due to him from defendant for the sale of his house and lot under the defendant's agreement to take up the Verder mortgage resting thereon, sell the land and to pay to the plaintiff the balance

above the mortgage debt, and other moneys paid to and for the plaintiff by the defendant.

The defendant by this parol contract did not undertake to purchase the plaintiff's premises. He simply contracted to buy the Verder mortgage and hold it for the plaintiff, make a sale of the land, and to account to the plaintiff for any balance there might be left after paying the mortgage indebtedness and other indebtedness to the defendant, and expenses and costs.

Immediately after the making of this agreement, the defendant bought the Verder mortgage, and the plaintiff at the defendant's request .executed another mortgage to the defendant of the same premises; and a while after, the defendant foreclosed the mortgages, and the plaintiff allowed the equity of redemption to expire, without redemption, in reliance upon the defendant's said agreement, which the plaintiff's testimony tended to show, the defendant renewed several times, both before and after the foreclosure.

The plaintiff thus suffered the title to become absolute in the defendant for the purpose of the sale· and accounting under the agreement. The title thus acquired by the defendant was equivalent to a deed of the premises to the defendant *in trust* for the purpose of said sale and accounting. The plaintiff fulfilled on his part; and the defendant having acquired title as aforesaid sold the premises and realized more than was required for the payment of the mortgage indebtedness, other claims and costs and expenses, as to which there was no dispute; and the balance thus remaining in his hands, he owed the plaintiff; and he is liable for the same in this action under said agreement; and the parol evidence, offered as to the agreement of the parties and their proceedings under it, was properly received in evidence by the County Court. It was not an agreement which the statute requires to be in writing.

Again, if this agreement be regarded as a contract for the sale of land, which the statute requires to be in writing,

the doctrine of the Statute of Frauds does not apply; for, as before stated, this is not an action to enforce the contract, but an action to recover the balance of money remaining in the hands of the defendant, arising from the sale of the house and lot by the defendant, which he agreed by the contract to pay over to the plaintiff.

Such a case is not within the Statute of Frauds.

This contract was fulfilled on the part of the plaintiff by his allowing the equity of redemption under the decree of foreclosure to expire without redemption; and the title thus became absolute in the defendant, which was, under the circumstances, in effect, giving a deed of the premises to the defendant.

The defendant took possession of the land, sold and conveyed it to a third party, received the pay therefor, deprived the plaintiff of all beneficial use or enjoyment thereof, paid the mortgage debt, costs, and expenses to be paid out of the purchase money, and withheld and neglected to pay over to the plaintiff the balance left in his hands above such disbursements.

The claim now is to recover the balance so withheld and due the plaintiff, arising out of the sale under this contract. To establish the plaintiff's right to recover such balance the parol contract between the parties is admissible in evidence, and it is as valid and binding as if it had been reduced to writing. *Bowen* v. *Bell,* 20 Johns.; *Hodges* v. *Greene,* 28 Vt. 358.

It is claimed, also, that this parol agreement was a contract not to be performed within a year, and for that reason was within the Statute of Frauds. This point is not a tenable one. The contract was one capable of being completely performed within one year. It was not by its terms *not* to be performed within one year. The contract was to buy the Verder mortgage and hold it for the plaintiff, sell the house and lot for the benefit of the plaintiff, and account for the balance. All this might have been done

within one year. No time was fixed in which it was to be done. It was an executory contract, upon the performance of which the defendant might have immediately entered.

Nor does it make it any less a contract which might have been performed within one year, because the defendant, instead of taking a deed from the plaintiff, resorted to a foreclosure of the mortgages. He was not by the terms of the agreement required to foreclose the mortgages. But assuming that he was, that does not bring it within the Statute of Frauds. The mortgages might have been foreclosed and the time of redemption on motion have been fixed by the Court of Chancery at a period of time within and much less than a year, and the title have become absolute in the defendant under the decree, premises sold, debts and expenses paid, and the balance have been paid over to the plaintiff within a year from the time of making the agreement.

It is also claimed that the parol evidence offered by the plaintiff tended to vary the decree of foreclosure, and was objectionable for that reason. This claim has no foundation. There was no attempt to vary the decree. The decree was conclusive, and the plaintiff's right to recover rested on its conclusiveness. The party to whom the defendant sold the premises rested upon this decree as a link in his chain of title. Neither the plaintiff nor defendant could safely question the conclusiveness of the decree; and the parol evidence was not offered or used for such purpose.

The defendant's objections to the charge of the court were as to the instructions given to the jury bearing upon this parol agreement as to the sale of the house and lot, and as to the effect of the same. We find no error in the charge in respect thereto, the evidence having been properly received by the court.

Judgment affirmed.