CHARLES B. BALLARD v. HORACE BOND.

*Statute of frauds. Assumpsit.*

The plaintiff and the defendant made a parol contract that the former should convey to the latter a farm for a certain price, and that if the plaintiff could within a year find a purchaser at a higher price, the defendant should convey the farm to such purchaser, and that the plaintiff should have one-half the gain so made. The plaintiff conveyed the farm to the defendant and received payment therefor. Within the specified time he found a purchaser at an advance, but the defendant would not convey to him; *Held*, that the contract was within the statute of frauds, being for the sale of lands, and that the plaintiff could not recover of the defendant for a breach of the

Ballard *v.* Bond.

contract in special assumpsit, nor in general assumpsit for his expenses and labor in finding such a purchaser.

The case of *Hodges et ux.* v. *Green,* 28 Vt. 358., explained and limited.

ASSUMPSIT.    The first count was as follows :

" In a plea of the case for that the said defendant heretofore to wit, at Hartford aforesaid, on the first day of March, 1856, in consideration that the plaintiff would sell to the defendant, at his request, a certain farm situated in Lebanon, in the county of Grafton, and State of New Hampshire, which the said plaintiff had bid off at public auction, at and for the sum of seven hundred and forty-seven dollars and fifty cents, then and there promised and agreed with the said plaintiff that he should have the privilege of selling the said farm at any time within one year from the time of making the said contract or agreement, at and for any sum greater than the said sum of seven hundred and forty-seven dollars and fifty cents, and that the said plaintiff should have one-half of what he should sell the said farm for over and above the said sum of seven hundred and forty-seven dollars and fifty cents, and also in consideration as aforesaid, promised the said plaintiff that he, the said defendant, would deed the said premises and give good title thereto, to whomsoever the said plaintiff should sell the same to within the one year as aforesaid.    And the plaintiff avers that he, in consideration of the promises and agreements of the said defendant, as above set forth, and fully relying upon the same, afterwards to wit, on the same day, at Hartford aforesaid, did sell the said farm to the said defendant at and for the sum and price of seven hundred and forty-seven dollars and fifty cents, and caused a good and sufficient title to the same to be given to the said defendant ; and also relying upon the said promises and undertakings of the said defendant as aforesaid, he, the said plaintiff, afterwards, to wit, on the first day of October, 1856, and within the year as aforesaid, did bargain and sell the said premises to one L. H. Tolburt, of said Lebanon, at and for the sum and price of eight hundred and seventy-two dollars and fifty cents, it being one hundred and twenty-five dollars in advance, one-half of which, amounting to sixty-two dollars and fifty cents, was the share or profit of the said plaintiff in the said sale, according to the agreements and

Ballard *v*. Bond.

promises of the said defendant, as aforesaid, and which the said plaintiff would have received, of all which the said defendant had notice, and was then and there requested by the said plaintiff to deed the said premises to the said L. H. Tolburt, and give him a title thereto. Yet the said defendant, not regarding his said promise and undertaking, but contriving and fraudulently intending to injure and defraud the plaintiff in this behalf did not, nor would when he was requested as aforesaid, or at any time before or since, deed or give title to the said premises to the said Tolburt, but hath hitherto wholly neglected so to do, contrary to the said promise and undertaking of the said defendant, by reason whereof he, the said plaintiff, hath been deprived of all the benefit and advantage, and all the profit and gain which he would otherwise have made and derived from the said sale to the said Tolburt, and hath also been put to a great expense and trouble, amounting in all to a large sum, to wit, seventy dollars."

The second count contained the common counts for work done, money lent and money had and received.

The defendant filed the following plea :

" And the said defendant says that the plaintiff ought not to have or maintain his action aforesaid against him, because he says that there never was any contract or agreement in writing between said plaintiff and defendant, in relation to said farm, in any way, and that there never was any note or memorandum of any such contract or agreement, in writing, signed by this defendant, or by any other person by him lawfully authorized for that purpose, and that there never was any such contract or agreement in writing between the said parties, as is alleged in said first count in the plaintiff's amended delaration, or any note or memorandum in writing of any such contract or agreement, signed by this defendant or by any person by him lawfully authorized for that purpose.

And the defendant avers that the second count in the plaintiff's amended declaration is for alleged services, disbursements, etc., under and by virtue of the pretended contract, set up in the first count above referred to, and for no other services or pretended claim whatsoever.

And this the said defendant is ready to verify. Wherefore he

prays judgment, if the plaintiff his action aforesaid against him ought to have or maintain, and for his costs."

To this plea the plaintiff demurred, but the county court, at the December Term, 1858, in Windsor county,—REDFIELD, Ch. J. presiding,—adjudged the plea sufficient and rendered judgment for the defendant, to which the plaintiff excepted.

*R. Lund* and *J. Converse,* for the plaintiff, cited 2 Story Eq. Jur. sec. 761 ; *Wilkinson* v. *Scott,* 17 Mass. 249 ; *Brackett* v. *Evans,* 1 Cush. 79 ; *Owen* v. *Estes,* 5 Mass. 330 ; *Preble* v. *Baldwin,* 6 Cush. 550 ; *Thayer* v. *Viles,* 23 Vt. 494 ; *Ascutney Bank* v. *Ormsby,* 28 Vt. 721 ; *Hodges & Wife* v. *Greene,* 28 Vt. 358 ; *White* v. *Miller,* 22 Vt. 380.

*W. G. French,* for the defendant, cited *Sherburne* v. *Fuller,* 5 Mass. 133 ; *Bishop* v. *Little,* 5 Greenl. 362 ; *Griswold* v. *Messenger,* 6 Pick. 517 ; *Putnam* v. *Cunningham,* 3 Fairf. 506 ; *Boyd* v. *Stone,* 11 Mass. 341 ; *Flint* v. *Sheldon,* 13 Mass. 442 ; *Hibbard* v. *Whitney,* 13 Vt. 21 ; *Ohater* v. *Becket,* 7 Term 197 ; *Crawford* v. *Merrill,* 8 Johns. 253 ; *Van Alstyn* v. *Wimple,* 5 Cowen, 162.

POLAND, J.   The contract or promise upon which the plaintiff's special count is founded, being admitted by the demurrer to be wholly a parol undertaking, is clearly within the statute of frauds.   The promise as stated was that " he, the said defendant, would deed the said premises and give good title thereto to whoever the said plaintiff should sell the same to within the one year as aforesaid."   A plainer case of a *contract for the sale of lands* could scarcely be conceived.

The plaintiff claims to support his suit mainly upon the ground that it is brought to recover the price or consideration of the land conveyed by him to the defendant.

Notwithstanding the general terms of the statute of frauds, it has always been held that when land has been sold and conveyed to the purchaser, the seller may maintain an action to recover the price, though not evidenced by any writing.   But this is upon the ground that all of the contract which is required by the statute to be in writing, has been fully executed and performed, and that the promise to pay the money does not come within the statute.

In the English courts they hold that unless the contract to pay the price is in writing, an action will not lie upon it, but they allow the seller to accomplish the same thing, by an action of general assumpsit for land sold. But where the promise or contract for payment is itself one coming within the statute, as a promise to convey to the seller other lands, or to reconvey the same lands to the seller or to a third person, the same has never been allowed to be enforced.

This has been settled in this State by the case of *Hibbard & Wife* v. *Whitney*, 13 Vt. 21. There the parties contracted by parol to exchange lands. The plaintiff conveyed to the defendant, according to the contract. The defendant conveyed to the plaintiff a portion of the lands agreed to be conveyed by him, but refused to convey the residue. It was held an action could not be maintained on such promise and refusal. The same is fully sustained by the cases cited by the defendant from Maine and Massachusetts. The plaintiff claims this case is taken out of the operation of the statute by a part performance, but it seems to us not such a case of part performance as has been held to have that effect even in equity. The defendant had paid the full consideration he was to pay to the plaintiff and received a conveyance from him. The further contract was that if the plaintiff could find a purchaser who would pay more than the defendant paid the plaintiff, the defendant would deed to such purchaser, and that the plaintiff should have half such excess of price. It seems wholly a distinct independent stipulation, as if he had agreed to reconvey to the plaintiff on the payment of a certain sum. If it could be regarded as a case of part performance, that does not commonly enable a party to sustain an action at law, but only for relief in equity upon the ground of fraud.

The plaintiff relies much on the case of *Hodges & Wife* v. *Greene*, 28 Vt. 358, as sustaining his case. He claims that case to establish that in all contracts for the sale of lands or any realty interest, required by the statute to be in writing, a tender or offer of performance by the seller, though refused by the purchaser, is such an execution of the contract as will enable the seller to recover the price by a suit at law. We are aware that such an opinion has to some extent obtained from that case as reported in

the 28th Vt. The case was undoubtedly correctly decided, and the same case has since been again before the court, and again decided on the same facts for the plaintiffs, but the decision was put upon much narrower grounds than in the 28th. The defendant had made a parol purchase of the pew, and under that went on and wholly destroyed the pew and its identity in repairing and remodelling the meeting house. He had thereby received all the benefit and advantage he possibly could have by the purchase, and a deed of the pew could not vest in him anything more than he already had, so the contract was fully executed. It was regarded like a parol sale of growing trees, or a building on the vendor's land, which are so connected with the realty as to require a writing to make a contract to sell valid; still after the purchaser has gone on and removed the trees or building, and converted them to his own use, he cannot object to paying the price, because no deed, or conveyance, or writing, could more fully execute the contract of sale. The plaintiff's claim to recover under his general counts for his time and expenses in finding a purchaser of the land conveyed to the defendant, we think, has no legal ground to stand upon. He was not acting for the defendant or as his agent, nor under his employment. He was acting for himself and for his own benefit and advantage. If the defendant had deeded as he contracted to do, it is not claimed he was to pay for these services, so that the claim is merely for damages for his non-fulfillment of his contract, which contract we have seen could not legally be enforced, and if it could be, we do not see how the plaintiff could recover anything beyond the half of the additional purchase money, for that was all he was to receive if the contract had been fulfilled. It was never understood between the parties that the defendant was to pay the plaintiff for these services in any event, so that the relation of creditor and debtor never existed.

The judgment of the court below was correct, and the same is affirmed.