JOHN M. DYER v. ROSWELL A. GRAVES.*

*Statute of Frauds. Assumpsit. Contract. Guaranty.*

The defendant bargained by parol to sell to the plaintiff two parcels of land and the right to a spring of water, all belonging to the defendant's father, for the aggregate sum of $8000., and guaranteed one parcel to contain one hundred and ninety-six acres. The defendant had such an interest in the property as authorized him to sell it, but it was deeded by the father directly to the plaintiff, by a deed in common form, by description merely, and not by quantity, and the payment was made to the father. The piece guaranteed to contain one hundred and ninety-six acres was deficient in quantity, and the plaintiff brought this suit in assumpsit in a special count on the contract of guaranty, and in the common money counts, to recover the value of such deficiency. *Held,* that the contract of guaranty, being part of the contract for the sale of land, for an aggregate and indivisible consideration, was within the statute of frauds, and, being by parol, could not be enforced by action.

There could be no recovery on the money counts as no part of the purchase money was paid the defendant.

ASSUMPSIT in a special count and the common counts. The case was referred and the referee reported the facts substantially as follows:

On and previous to March 31st, 1862, Augustus Graves, the father of the defendant, was the owner of a farm in Salisbury, situate partly on the east and partly on the west side of the Rutland and Burlington railroad, and bounded on the west by Otter Creek. The defendant resided with his father upon the farm, and had made a parol arrangement with his father that he might have the farm for $10,000., provided the defendant could make sale of enough of the farm to realize the sum of $8,000. to be paid to the said Augustus, and in such case should have the homestead, to be kept as a homestead, for the balance, $2,000. This homestead part was in fact worth $4,000.

After this arrangement between Augustus Graves and Roswell A. Graves, the defendant applied to the plaintiff to sell him that portion of the farm lying west of the railroad, and propositions were made back and forth between them as to that part of the farm and a certain portion lying east of the railroad, not including the homestead. The defendant represented that the title to the farm was in his father, Augustus Graves, but that he had such an interest in the matter as

*This case was heard at the January Term, Addison County Supreme Court, 1864, and held for advisement until the General Term, held at Montpelier, Nov'r, 1864.

authorized him to sell the land, and procure the passage of the title. The defendant represented and guaranteed that there were, in the parcel lying west of the railroad, one hundred and ninety-six acres of land. Relying upon the representations made by the defendant, the plaintiff offered for the parcel below the railroad and such part lying east of the railroad, and the privilege of a certain spring of water, the sum of $8,000. ; four thousand to be paid down in money and such notes, to be endorsed by the plaintiff, as would be satisfactory to Augustus Graves, and the balance in four equal annual payments, with interest, to be secured by mortgage on the premises to said Augustus Graves. This proposition the defendant accepted, and called upon the plaintiff to pay something "to bind the bargain," as he said. The bargain was then stated over by both parties, (and witness called to it,) in the terms above set forth, and that the defendant was to make the piece west of the railroad one hundred and ninety-six acres. Thereupon the plaintiff paid the defendant fifty dollars on the contract, and it was arranged (this being Saturday night) that the parties should meet the next Monday morning for the execution of the deeds and papers, and the payment of the balance of the price, and that for convenience and to save the expense of two deeds, the conveyance should be made direct from said Augustus Graves to the plaintiff.

On the next Monday morning (being March 31, 1862,) these parties met with Augustus Graves for the purpose above named. The plaintiff and Augustus Graves there arranged between themselves the payment of the four thousand dollars to be paid down, and the balance to be paid on time, according to the bargain of Saturday night; such payment down, after deducting the $50. handed to the defendant as above, was made to the said Augustus Graves by the plaintiff, partly in notes of third persons, endorsed by the plaintiff, and partly in the plaintiff's own note, payable at a bank. The deed was a warranty deed in common form from Augustus Graves to the plaintiff, dated March 31st, 1862. The plaintiff went into possession of the premises conveyed, and never offered to rescind the contract, and paid the mortgage notes as they fell due.

On the same occasion Augustus Graves conveyed to the defendant the balance of the farm for the price of two thousand dollars.

There were no writings made or executed except the deed of Augustus Graves to the plaintiff, and the notes and mortgage named above. The defendant's counsel seasonably objected to the admission of parol evidence to prove the contract relied upon, and claimed that no action would lie upon the contract claimed, for the reason that the same was not in writing.

There was in fact only one hundred and seventy-three acres and four rods of land in the parcel lying west of the railroad, measuring to the margin of the water of Otter Creek.

After stating the number of acres of deficiency and their value, the referee referred to the court to say what damages, if any, the plaintiff was entitled to recover.

The plaintiff made no claim upon the defendant for any deficiency in the land until he brought this suit, and had made no actual survey of the land until after he brought this suit.

The county court, upon a hearing upon this report, at the December Term, 1863, Addison county, PIERPOINT, J., presiding, rendered a judgment for the plaintiff for the largest sum specified in the report, *pro forma*,—to which judgment the defendant excepted.

*Prout & Dunton, J. W. Stewart* and *G. F. Edmunds*, for the plaintiff.

I. The provision of the statute of frauds, that "no action at law or in equity shall be brought * * * to charge any person * * * upon any contract for the sale of lands, tenements or hereditaments, or for any interest in or concerning them," has no application to this case.

This provision of the act has a limited operation and effect, and by construction always has, since its enactment. Its design and object is to *prevent* fraud, and not to shield and protect a party from all liability for deceit, misrepresentation or mistake. It is upon this principle that an action may be maintained for a misrepresentation as to the boundaries of premises conveyed. 1 Sugden, 322, § 22. For a false representation as to the trade or income of the property leased; 1 Sugden 322, § 23; *Dobell* v. *Stevens*, 10 C. L. 201; *Pilmore* v. *Hood*, 35 C. L. 43; *Clark* v. *Baird*, 5 Seldon, 183. For a fraudulent misrepresentation as to incumbrances; *Haight* v. *Ex'rs of Hayt*, 19 N. Y. 464; *Whitney* v. *Allaire*, 1 Comstock, 305. For the

price paid under a mistaken representation as to the title ; *Martin v. McCormick,* 4 Seldon, 331.

II.   The action is not brought to enforce, or upon a contract for the sale of land.   All that portion of the contract within the statute of frauds has been executed.   But is brought for the recovery of an *over payment* for real estate purchased at a stipulated price per acre. In this respect the case is within the principle of the following authorities :   *Green* v. *Saddington,* 90 C. L. 502 ; *Pierce* v. *Woodward,* 6 Pick. 206 ; *Sandford* v. *Rose,* 2 Tyler, 428 ; *White* v. *Miller,* 22 Vt. 380 ; *Brown, Adm'r,* v. *Sawyer,* 1 Aik. 130 ; *Cook* v. *Mix,* 11 Ct. 432 ; *Thayer* v. *Viles et al.,* 23 Vt. 494 ; *Kelly* v. *Pember,* not reported ; *Jordan and Wife* v. *Dyer,* 34 Vt. 104 ; 1 Sugden, 430, 431, 161, 299, 300 ; *Ascutney Bank* v. *McK Ormsby,* 28 Vt. 721 ; *Holbrook* v. *Holbrook,* 30 Vt. 432 ; *Greer* v. *Greer,* 18 Maine, 16 ; *Brackett* v. *Evans,* 1 Cush. 79 ; Addison, 61 and 62 ; 2 Parsons on Con., p. 315, note (n.) ; *Harwood* v. *Est. of Harwood,* 22 Vt. 507 ; *Pierce* v. *Weymouth,* 45 Maine, 482.

Still another view may be taken of the case, and one which is fully justified by a recent authority—*Kelly* v. *Pember.*

To the extent that there is a deficiency in the number of acres paid for by the plaintiff, there is a *failure of consideration,* which may be recovered at law.   This was in effect done in *Kelly* v. *Pember,* and in the scope of the decision cited from the 11th of Ct. *Richardson* v. *Boright,* 9 Vt. 368, must be regarded as overruled by *Kelly* v. *Pember.*   Recent authorities all tend in this direction.

III.   The payment to Augustus Graves was in legal effect a payment to, or for the benefit of the defendant, *at his request.*

*E. N. Briggs* and *E. J. Phelps,* for the defendant.

1.   No fraud on the part of the defendant was charged in the declaration, claimed on the trial, or found by the referee.   The plaintiff's right to recover, therefore, rests entirely upon the alleged contract of warranty.

2.   That contract is void, by the statute of frauds.   It was a contract "for the sale of lands."   C. S. p. 452.

(a.)   The warranty constituted one of the terms of the plaintiff's agreement to buy the farm.   It was the defendant's side of that agreement, and the one formed the consideration for the other.

Apart from the agreement to purchase, the warranty would be with-out consideration. *Bloss* v. *Kittridge*, 5 Vt. 28 ; *Reed* v. *Wood*, 9 Vt. 285. The plaintiff, therefore, can no more recover for a breach of the warranty, than the defendant could have recovered of the plaintiff for a breach of the agreement to purchase if he had refused to carry it out.

(b.) Nor is the operation of the statute confined to those agreements which form actual parts of contracts for the sale of land. *Buck* v. *Pickwell*, 27 Vt. 157 ; *Davis* v. *Farr*, 26 Vt. 592 ; *Bliss* v. *Thompson*, 4 Mass. 488 ; *Walker* v. *Constable*, 1 Bos. & Pul. 306 ; S. C. 2 Esp. 659 ; *Henly* v. *Brown*, 1 Stewart, 144 ; *Gray* v. *Patten*, 2 B. Mon. 12 ; (these cases cited in 2 Sugden's Ven. & Purch., last Am. edition, p. 105, note 1) ; *Hughes* v. *Moore*, 7 Cranch, 176.

(c.) The right to recover the purchase money where a parol contract for the sale of land has been carried into effect by conveyance and possession, is not an exception to the general rule, but stands on very different ground. The action in such case is not upon the contract, but upon the accrued and liquidated indebtedness resulting from the complete execution of the contract. *Ballard* v. *Bond*, 32 Vt. 358. And may, therefore, however special the terms of the contract, be recovered in general assumpsit. *Cutter* v. *Powell*, 2 Smith's Lead. Cases, pp. 24, 27, 29 ; *Vail* v. *Strong*, 10 Vt. 457.

3. The warranty was not the contract of the defendant, but of his father. He acted in the transaction only and avowedly as the agent of his father.

BARRETT, J. This is an action of assumpsit in a special count, and the common money counts, in which the plaintiff claims to recover upon a contract with the defendant, for the breach of a guaranty made by the defendant, as to the quantity of a certain parcel of land. The plaintiff places his right of recovery upon the ground of the contract for the purchase of real estate, of which said guaranty constituted a part ; which contract was by parol.

As the case does not show that the defendant had any of the purchase money that was paid for the property, there is no ground for recovery under the count for money had and received. By the mutual understanding of the parties, the $8000. was to be, and was paid, or secured by the plaintiff to the defendant's father,—he being

the owner of the property sold. The report states "that the plaintiff and Augustus Graves arranged between themselves the payment of the $4000. to be paid down, and the balance to be paid on time, according to the bargain of Saturday night. Such payment down, after deducting the $50. handed to the defendant to bind the bargain, was made to said Augustus by the plaintiff, partly in notes of third persons endorsed by the plaintiff, and partly in the plaintiff's own note payable at a bank." This shows that said $50. was regarded as paid to the defendant, as part of the $4000. to be paid down; and so far as the father was concerned, it is properly held by him as against the plaintiff. No point, however, is made in the argument, upon the payment of said $50., as giving a right of action for that particular sum. The rest of the payments were all made or secured directly to said Augustus Graves. Upon these facts, even if the contract should be held valid as against the statute of frauds, there is no foundation for the count for money had and received. And we think there is none for the count for the money paid; for no money was paid by the plaintiff for the defendant. It was paid directly to the owner of the land as the price thereof.

In this connection it is to be remarked that this case does not fall within the principle of the cases cited, of which *White* v. *Miller,* 22 Vt. 380, is a sample, as is obvious for reasons arising from the view just presented, as well as by reason of the character of the contract itself. This was not a sale, *by the acre,* of a given parcel of land, in respect to which there was a mutual mistake, or a fraudulent deception as to the number of acres; but it was a sale of two parcels of land and the right to a spring of water, for a specified aggregate sum of money. The representation as to the quantity embraced only one of the parcels. Hence it is clear that a price by the acre was not, and could not have been in mind as an element or feature of the contract.

It is further to be remarked that no fraud is alleged, as characterizing said representation; and, if there had been, there has not been any offer to rescind, nor any repudiation of the contract, as laying the foundation for an action to recover back the money paid, as there was in some of the cases cited. On the contrary, the plaintiff abides by the contract in all its parts,—holds the land under the deed, and

Dyer *v.* Graves.

brings this action to recover, by force of the contract, the value of the deficit in the quantity of the land, as it was guaranteed to be.

To the claim that the plaintiff is entitled to recover on the ground of the failure of consideration, to the extent of that deficiency, what has already been said, as to the ground for a recovery upon the money counts, is applicable ; for it is seeking to recover for an over-payment, which was not made to the defendant, but to his father.

On the whole, therefore, the legal character of the case seems to be truly presented by the special count ; and upon that count he must stand for the assertion of his rights in the present action. That count sets forth, and the report shows, a clear case of breach of the warranty, made as part of the contract for the sale of the land. For present purposes we do not discuss at all a view presented by the defendant's counsel, viz : that the defendant was acting as the agent of his father, in negotiating the sale and making the warranty. We confine our consideration of the case exclusively to the question made as to the operation of the statute of frauds,—assuming that the warranty was the defendant's personal undertaking.

The contract of sale, including the warranty, was by parol. The property was conveyed to the plaintiff and payment was made therefor conformably to, and, so far, in execution of the contract, and so far, the contract is beyond the reach of the statute. But the part of the contract which consists in the warranty, still rests in parol, and is unexecuted. The defence is that the action is not maintainable because it is brought for the alleged breach of a contract for the sale of land.

The leading principles of the law of the subject are well enunciated in the case of *Davis* v. *Farr*, 26 Vt. 592, and of *Buck* v. *Pickwell*, 27 Vt. 168, though neither of those cases, nor any case that has fallen under our notice, presents the subject as involved in the same state of facts as exists in this case.

The books show, that, in case a contract for the sale of land, or of an interest in, or concerning land, embraces some subject matter of a different character, which stands in the contract upon a distinct consideration, so that the contract both in its subject matter, and the consideration, is divisible and separable, such contract, though not in writing, may be enforced by suit, as to such part of it as does not

fall within the operation of the statute of frauds; while that statute would effectually preclude an action upon the other part of it.

Of such a character is the case of *Green* v. *Saddington*, 90 E. C. L. 502. In *Hodgson* v. *Johnson*, 96 E. C. L., it is held that, unless the contract be so divisible and separable, the statute will preclude an action upon any part of it. In the latter case, other cases were brought to the attention of the court, and the case of *Green* v. *Saddington* was specially remarked upon by Lord CAMPBELL, Ch. J., and by CROMPTON, J., and was regarded by them as standing upon the divisible and separable character of the contract and consideration. The opinion pronounced by Lord CAMPBELL, presented the point in a clear light, and is worthy of attention.

In the case before us, the warranty was, in terms, a part of the contract of sale, and the consideration of the whole contract was entire and indivisible, viz: $8000. to be paid for the whole land and the right to the spring and the guaranty as to the quantity of one parcel of said land.

The case of *Ballard* v. *Bond*, 32 Vt. 355, seems to stand upon the same principle as *Hodgson* v. *Johnson*, and, in its legitimate application, to be controlling in the present case. The plaintiff and defendant made a parol contract that the former should convey to the latter a farm for a certain price, and that if the plaintiff could within a year find a purchaser at a higher price, the defendant should convey the farm to such purchaser, and that the plaintiff should have one-half of the gain so made. The plaintiff conveyed the farm to the defendant, and received payment therefor. Within the specified time he found a purchaser at an advance; but the defendant would not convey to such purchaser. It was held that that contract was within the statute of frauds, and that the plaintiff could not recover for the breach of it.

It has been held in several of the states as well as in this state, that, where the contract for the sale of land, or for an interest in land, has been fully executed by a conveyance, payment therefor may be enforced by an action; as in *Ascutney Bank* v. *McK Ormsby*, 28 Vt. 721. But we think no case is to be found, in which the purchaser, upon payment of the purchase money, has been held entitled to maintain an action to recover damages of the other party, for refus-

ing to convey, or to perform any other stipulation of the contract touching the sale of land or an interest in land. The distinction is well marked by Ch. J. POLAND, in *Ballard* v. *Bond*.

The contract of guaranty in this case was, in effect, an undertaking by the defendant to make the plaintiff compensation for the deficiency in the number of acres specified. This certainly was part of the contract for the sale of the land, and as it was not in writing, and this part is still unexecuted, we concur in holding that it is within the intent and effect of the statute of frauds.

The *pro forma* judgment of the county court is reversed, and judgment upon the report is rendered for the defendant.