JAMES HARPER, Adm'r, &c., v. NOAH SPAINHOUR.

Where the parties to a covenant for the conveyance of land in consideration of work and labor to be done by the covenantee, agreed *by parol,* that the title should *also* be held as an indemnity against loss to the covenantor in consequence of his surety-ship for the covenantee: *Held,* that the agreement was void, under the Statute of Frauds.

BILL in equity, coming before *Mitchell, J.,* upon an exception to a report, at Spring Term 1870 of CALDWELL Court.

No other statement is required than what appears in the Opinion.

The exception of the plaintiffs to the report having been overruled, they appealed.

*Folk* and *F. H. Busbee,* for the appellants.
*Malone* and *Battle & Sons, contra.*

Treating the parties to the covenant as vendor and vendee, the Court will not divest the vendor's title before he is indemnified according to the contract: 1 Story Eq. Jur. s. 742; *Lloyd* v. *Wheatley,* 2 Jon. Eq. 267. Treating Spainhour as a surety, there is a peculiar relation between Cloyd and himself, which warrants the report: 1 Story, s. 323. See *Wil-*

*liams* v. *Helme,* 1 Dev. Eq. 151; *Williams* v. *Washington,* *Id.* 137; *Battle* v. *Hurt,* 2 Dev. Eq. 31.

PEARSON, C. J. Cloyd, the intestate of the plaintiff, executed a covenant, by which the defendant was to convey to Cloyd the house and lot mentioned in the pleadings, when certain work was done by Cloyd for the defendant. The covenant was deposited with a third person for safe keeping. Afterwards, the parties agreed by parol, that the covenant should be held, in order to indemnify the defendant for becoming, with one Jones, co-surety for Cloyd on a note of $100, to one Sudderth.

The exception makes this point: Does a parol agreement, by one having an equitable estate subject to the payment of the purchase money, that such equitable estate shall *also* be subject to a charge as an indemnity to the vendor, come within the operation of the Statute of Frauds."

Had this been entered on the covenant for title, and been signed by Cloyd, the party to be charged therewith, it would have been binding; but as no such entry was made, the parol agreement is void. It is "a contract to convey an interest in land." The doctrine of an equitable mortgage by the deposit of title deeds, has never been adopted by our Courts. The registration act makes the possession of the original title deeds of little importance; the party may give notice, and read in evidence a certified copy. But this case does not fall under that doctrine, as the covenant, before the parol agreement, had been deposited with a third person for the benefit of both parties,—so there could be no such delivery as to constitute a pledge. In short, it is simply a parol promise to charge an interest in land, and there is nothing to take it out of the operation of the Statute.

GRAHAM *v.* CHARLOTTE & S. C. R. R. Co.

Interlocutory order overruling the plaintiff's exception, reversed; The exception allowed. This will be certified.

PER CURIAM.                              Reversed.