JOSEPH H. CARDWELL, Adm'r., &c. _v._ JAMES L. CARDWELL.

Upon an appeal from an order vacating a judgment, *for want of service* of the process by which the action was constituted, it is necessary that the record show *how* the Judge *found* upon the question of such service; it must present *the fact* as found, and not (as here) only *the evidence* bearing on such fact.

The decision of the Judge upon such fact is conclusive; except a question be made whether there were *any evidence* tending to establish it, or whether a given state of facts constituted service.

MOTION to set aside a judgment, for want of service of the mesne process in the action, made before *Tourgee, J.*, at Spring Term 1870, of ROCKINGHAM Court.

The writ had been returned to the Clerk's office, "executed on 18th Nov. 1868," and upon the 9th December thereafter judgment was rendered for want of an answer, &c. In January 1869 the defendants became bankrupt,

and upon the 11th March 1870, notice of this motion was given by the assignee. Both parties filed affidavits upon the question, and at Spring Term 1870 the following order was made :

" On reading and filing the accompanying affidavits, and proof of the service of the notice of this motion, and on motion of, &c., &c., ordered that the judgment obtained in the above entitled actions (being *three*, appeals in all of which were afterwards taken) as above set forth, be vacated, &c."

The plaintiff appealed.

*Dillard, J. I. Scales* and *Phillips & Merrimon*, for the appellant.

*Scott & Scott* and *Ball, contra.*

READE, J. If there was service of summons upon the defendant, the judgment was regular and valid ; if there was no service, the judgment was irregular, and ought to be vacated. Upon the motion to vacate, whether there had been service was a question of fact for his Honor, and from his finding of the fact there could be no appeal. We can no more review the finding of a Judge when it is his province to find facts, than we can review the finding of a jury.

In this case, the testimony of the witnesses on both sides is sent up : the testimony on one side tending to show that there was service, and the testimony on the other side tending to show that there was not. There is no question of law made as to what constitutes service, but only the simple question of fact, as to whether there was service of the summons. His Honor ought to have found the fact one way or the other, and that would have been conclusive, unless the question had been made, that there was no evidence tending to show, &c. ; or the question, that a given state of facts did not in law constitute service. But here his Honor states

CARDWELL, Adm'r., &c. *v.* CARDWELL.

.the testimony in detail on both sides, and then without stating how he found the *facts*, vacated the judgment. The proper course for his Honor to have pursued, was, to state, " Upon hearing the evidence, it appears that there was no service of the summons upon the defendant ; it is therefore declared that the judgment was irregular, and it is considered that the same be vacated ;" or *vice versa.*

An appeal from that judgment would have presented only the question of law, whether a judgment without service of process is irregular, and can be set aside at a subsequent term.

But as the case is sent up, we cannot tell whether there was, or was not service of process, because we cannot pass upon issues of fact.

We suppose that the reason why cases are so often encumbered with the details of the *testimony*, instead of stating the *facts*, is, that we may see the reasonableness of the finding of the judge or jury ; but with that we have ordinarily nothing to do.

It appearing to us that his Honor vacated the judgment without finding any fact to justify it, the order is erroneous. This will be certified, to the end that his Honor may find the facts, and make such order as the law authorizes.

PER CURIAM. Error.

NOTE—The same decision was rendered at this term in two other cases, between other plaintiffs and the same defendant.