S. P. CALDWELL, Executor of S. L. CALDWELL *vs.* R. J. BEATTY.

Where a petition to a Judge set forth, that certain judgments were rendered by a Justice of the Peace against the petitioner as Executor, while he was absent from the State, and without his knowledge, that the summons was not served upon him, but service was accepted by an Attorney employed to act as counsel in the management of the estate, but with no authority to accept service of legal process, and that said Attorney appeared on the trial, before the Justice, against the petitioners, &c.; *Held* to be a proper case for a *recordari* and *supersedeas*.

Petition for *recordari* and *supersedeas*, to bring up certain proceedings had before a Justice of the Peace, to the Superior Court of GASTON, heard by *Logan, J.*, at Chambers, in Shelby, on the 9th of April, 1872.

The opinion of the Court contains a sufficient statement of the allegations of the petition. His Honor refused to grant the prayer, and the petitioner appealed.

*Guion*, for the petitioner.
No counsel for the defence.

BOYDEN, J. This case came on before this Court, no counsel appearing for Beatty, and his Honor having given no reason for refusing the prayer of the petitioner, we are wholly at a loss to know upon what ground his Honor declined to grant the prayer of the petition. It appears, that the original warrants were issued against the petitioner when he resided out of the County of Mecklenburg, that there was no service of the warrants, but that one C. E. Grier, a young attorney, whom the petitioner had employed as his legal adviser in the management of the estate of his testator, but without any authority to acknowledge service of process, without the knowledge of the petitioner, and when there were no assets for the payment of the alleged claim of Beatty, and when Grier had in his hands

for collection against Beatty a claim in favor of petitioner's testator of over two hundred and seventy dollars, acknowledged service of these several warrants; and then, acting as attorney of Beatty, obtained judgments in his favor in all these cases. And it further appears that, for the purpose of changing the jurisdiction in a case that properly belonged to the Superior Court, the plaintiff divided a running account of some four or five years, amounting to over six hundred dollars, into a sufficient number of actions, to wit, into five, so as to give a Justice of the Peace jurisdiction.

The petitioner states, "that at the time when these judgments were rendered, he was living in the County of Mecklenburg, but that soon after he left the State to aid in the construction of a railroad, as civil engineer, which he had to abandon on account of ill health, which since his return has kept him so confined and enfeebled as to prevent his attending to business; that he did not hear or learn of such judgments until in the Spring of 1871, nor learn the full particulars until within the last two months."

Upon the foregoing facts and statements of the petitioner, his Honor refused to grant the prayer of the petition.

In this we think there was error. Let a writ of *procedendo* issue to his Honor, to the end, that the prayer of the petitioner be granted.

PER CURIAM.                    Judgment accordingly.