Personette v. Pryme.

MARY H. PERSONETTE, administratrix &c.,

*v.*

ANNA L. PRYME.

Two owners of lands agreed by parol that the property should be considered and conducted as partnership property, each owner contributing equally to the support of a widow, whose support for life was a charge on the lands, and to the expenses and taxes; that an account should be kept of the proceeds derived from the sale of the produce and from the sale of any sand therefrom; that one owner might live on the land, and any advancements for her support should be charged against her, and at the death of either, a final account should be taken. On a bill for such an account filed by the administrator of one owner, after the widow's death—*Held*, that it was no ground for demurrer—

(1) That the agreement was by parol.

(2) That the administrator sues in a representative capacity, and requires the defendant to testify in regard to transactions with the intestate.

(3) That the intestate's account of his advances and payments has been exhibited to her, and its correctness admitted by her, and hence complainant might have a remedy at law.

Bill for relief.   On demurrer.

NOTE.—A contract to sell or buy mere *improvements* on lands is not within the statute of frauds, *Frear* v. *Hardenbergh*, 5 Johns. 272; *Benedict* v. *Beebe*, 11 Johns. 145; *Lower* v. *Winters*, 7 Cow. 263; *Scoggin* v. *Slater*, 22 Ala. 687; *Cassell* v. *Collins*, 23 Ala. 676; *Zickafosse* v. *Hulick*, Morris 175; *Clark* v. *Shultz*, 4 Mo. 235; *Godeffroy* v. *Caldwell*, 2 Cal. 489; *Powell* v. *McAshan*, 28 Mo. 70; *Lombard* v. *Ruggles*, 9 Me. 62; *Davis* v. *Brocklebank*, 9 N. H. 73; *Dubois* v. *Kelly*, 10 Barb. 496; *Hoby* v. *Roebuck*, 7 Taunt. 157; *Keyser* v. *District*, 35 N. H. 477; see *Ronanyne* v. *Sherrard*, L. R. (11 Irish C. L.) 146; *Hallen* v. *Runder*, 1 Cr. M. & R. 266. *Aliter* as to improvements *and* land, *Howard* v. *Easton*, 7 Johns. 205; *Green* v. *Vardiman*, 2 Blackf. 324; *Hogsett* v. *Ellis*, 17 Mich. 351; *Starin* v. *Newcomb*, 13 Wis. 519; *Kelly* v. *Webster*, 12 C. B. 283; nor a partnership to speculate in real estate, *Bissell* v. *Harrington*, 18 Hun 81; *Chester* v. *Dickerson*, 52 Barb. 349, 54 N. Y. 1; *Wormser* v. *Meyer*, 54 How. Pr. 189; *Smith* v. *Tarlton*, 2 Barb. Ch. 336; *Dale* v. *Hamilton*, 5 Hare 369, 2 Phil. 266; *Tompkins* v. *Lee*, 2 N. Y. S. C. 589; *Trowbridge* v. *Wetherbee*, 11 Allen 361; see *Essex* v. *Essex*, 20 Beav. 442; *Pitts* v. *Waugh*, 4 Mass. 424; *Fall River Co.* v. *Borden*, 10 Cush. 458; *Fraser* v. *Child*, 4 E. D. Smith 153; *Gray* v. *Palmer*, 9 Cal. 616; *Patterson* v. *Ware*, 10 Ala. 444; *Hen-*

*Mr. F. H. Pilch*, for demurrant.

*Mr. T. Anderson*, for complainant.

THE CHANCELLOR.

The complainant's intestate, Dr. Stephen Personette, and the defendant, Anna L. Pryme, his niece, were the owners in equal shares in fee of a farm in Essex county. Their title was derived under the will of Joseph Personette, deceased, who thereby gave the property to his son Jephthah, who, after the death of the testator, died intestate, without issue, and unmarried, and on his death Dr. Personette, his only brother, and Miss Pryme, the only child of his only sister (who was then dead), inherited the property. By the will, the testator directed his executors to furnish his widow with everything necessary for her comfort during her natural life, and provided that, in case they should refuse or neglect to do so, she should " have the privilege to choose a person to act for her." Dr. Personette and Miss Pryme agreed with each other, after they became the owners of the farm, that the property should, during the joint lives of them and the widow, be considered and conducted by them as partnership property, bound for the support of the widow during her life;

derson v. *Hudson, 1 Munf. 510;* Parker v. *Bodley, 4 Bibb 102;* `Thorn v. *Thorn, 11 Iowa 146;* Clancy v. *Craine, 2 Dev. Eq. 363;* Wetherbee v. *Potter, 99 Mass. 354;* or to locate mines, *Murley* v. *Ennis, 2 Col. 300;* or to survey and take up public lands, *Gibbons* v. *Bell, 45 Tex. 417;* see *Henley* v. *Brown, 1 Stew. 144;* Bryant v. *Hendricks, 5 Iowa 256;* Davis v. *Walker, 4 Hayw. 295;* nor one to remove a mortgage from lands, or to cancel it, *Green* v. *Randall, 51 Vt. 67;* Wallis v. *Long, 16 Ala. 738;* Howard v. *Gresham, 27 Ga. 347;* Valle v. American Co., *27 Mo. 459;* Ackla v. *Ackla, 6 Pa. St. 228;* Holland v. *Johnson, 51 Ind. 346;* Simonton v. *Gaudolfo, 2 Fla. 392.* CONTRA : *Duncan* v. *Blair, 5 Denio 196;* Dock v. *Hart, 7 W. & S. 172;* Parker v. *Barker, 2 Metc. (Mass.) 423;* Leavitt v. *Pratt, 53 Me. 147;* Phillips v. *Leavitt, 54 Me. 405;* Malins v. *Brown, 4 N. Y. 403;* see, also, *Toppin* v. *Lomas, 16 C. B. 145;* Massey v. *Johnson, 1 Exch. 241;* nor a contract to keep up a fence, *Fleming* v. *Ramsey, 46 Pa. St. 253;* see *Yeakle* v. *Jacob, 33 Pa. St. 376;* May v. *Baskin, 12 Sm. & M. 428;* nor one not to use a building in trade competition, *Leinan* v. *Smart, 11 Humph. 308;* Bostwick v. *Leach, 3 Day 476;* see *Gottschalk* v. *Witter, 25 Ohio St. 76;* also, *Richardson* v. *Pierce, 7 R. I. 330;* nor one to build a party-wall, *Hayes* v. *Moynihan, 60 Ill. 409;* see *Stuart* v.

Personette v. Pryme.

that during the joint lives of the three they two should contrib-
ute equally, as owners of the farm, to the support of the widow
and to the expense of managing the farm and the payment of
the taxes thereon, and that an account should be kept of the
proceeds of the sale of the produce and of the sale of any sand
which might be sold from the property, and of the money re-
quired to be paid for the comfortable support of the widow by
either of the partners.   And it was at the same time also agreed
between them that inasmuch as Miss Pryme had no income, nor
any means of support except from her share of the produce of
the farm, Dr. Personette should, from time to time, advance
money to her as she might need it, and pay such debts as she might
contract for necessary services to herself individually; and that
such payments should be charged against her and credited to
him in the partnership accounts, and that in those accounts she
should account to him therefor; and that on the death of any
one of the three there should be an account.   The agreement
subsisted until the death of Dr. Personette.   Under it, and in
accordance with its provisions, he (Miss Pryme all the time actually
residing on the farm, and he in the near neighborhood) furnished a
comfortable support to the widow, advanced money to Miss Pryme
and paid money for her; paid the taxes on the property, and

*Smith,* 7 *Taunt. 158 ; Rice* v. *Roberts, 24 Wis. 461; nor one to pay taxes on
lands, *Brackett* v. *Evans, 1 Cush. 79 ; nor one to pay an assessment, *Remington*
v. *Palmer, 62 N. Y. 31; Carr* v. *Dooley, 119 Mass. 294; McCormick* v. *Cheev-
ers, 124 Mass. 262; nor one to drain a mine, *Townsend* v. *Peasley, 35 Wis. 383;
nor one to divert a water-course, *Hamilton Co.* v. *Cincinnati R. R., 29 Ohio St.
341; Le Fevre* v. *Le Fevre, 4 Serg. & Rawle 241; nor one to build a ditch and
keep it in repair, *Gooch* v. *Sullivan, 13 Nev. 78 ; nor one to build a dam, *Jack-
son* v. *Litch, 62 Pa. St. 451; see *Stevens* v. *Stevens, 11 Metc. 251; Pitman* v.
*Poor, 38 Me. 237 ; nor one to set out fruit trees, and receive a share of their
product as compensation, *Wiley* v. *Bradley, 60 Ind. 62; see *Falmouth* v.
*Thomas, 1 Cr. & Mee. 89 ; Cain* v. *McGuire, 13 B. Mon. 340 ; nor an agree-
ment for board and lodging at so much per year, with the owner of the premi-
ses, *Wright* v. *Stavert, 2 Ell. & Ell. 720 ; Wilson* v. *Martin, 1 Denio 602; see
*Inman* v. *Stamp, 1 Stark. 12 ; nor one for " mutually keeping house," *Austin*
v. *Thomson, 45 N. H. 113 ; nor one to destroy the rabbits on demised lands,
*Morgan* v. *Griffith, L. R. (6 Exch.) 70 ; nor one to remove a prior lease on
lands conveyed, *Negley* v. *Jeffers, 28 Ohio St. 90 ; nor one to answer for dam-
ages done by defendant's workmen in quarrying stone on plaintiff's land,

exercised superintendence over the management of it in conjunc-
tion with her, consulting her as part owner and partner in the
general conduct of the business, and the sale of the produce and
sand. The bill is filed by the administratrix for an account.
It asks an answer without oath.

The defendant demurs on the ground of want of equity ; that
the complainant sues in a representative capacity, and yet prays
a discovery from the defendant as to transactions with and
statements by the intestate ; that the agreement set forth in the
bill is void by the statute of frauds and perjuries, and that the
complainant had an adequate remedy at law.

The bill is based on the allegation that a partnership existed
between Dr. Personette and Miss Pryme in the management and
proceeds of the farm. Such a partnership could have existed
(3 *Kent's Com.* § *28*), and the agreement for it, if by parol, is
not within the statute of frauds and perjuries. The objection to
the bill based on the statute concerning evidence is not valid.
The complainant is not, by the fact that she sues in a represen-
tative capacity, debarred from requiring the defendants to testify
in reference to the subject matter of the controversy. *Daw* v.
*Vreeland, 3 Stew. Eq. 542.* As to the remaining objection that
there is an adequate remedy at law, the bill indeed states that

*Griffiths* v. *Jenkins, 10 Jur. (N. S.) 207 ;* nor one to pay a grantor the excess
beyond the original purchase-money, on a resale, *Graves* v. *Graves, 45 N. H.
323 ; Bruce* v. *Hastings, 41 Vt. 380 ;* nor one to remove buildings from lands
conveyed by the defendant, *Detroit R. R.* v. *Forbes, 30 Mich. 165.*

A landlord's parol contract to make repairs on the demised premises is
within the statute, *McMullen* v. *Riley, 6 Gray 500 ; O'Leary* v. *De Laney, 63
Me. 584; Wood's Land. & Ten. § 377; Addison on Cont. § 203 ; Lewis* v. *Sea-
bury, 74 N. Y. 409 ;* and the right to use a church for public worship when
not occupied by the congregation to which it belongs, *Brumfield* v. *Carson, 33
Ind. 94;* and holding the title of lands to indemnify a surety for work and
labor to be done by the covenantee, *Harper* v. *Spainhour, 64 N. C. 629 ;* see
*Dyer* v. *Graves, 37 Vt. 369 ;* and building a saw-mill on the lands of another,
who agrees to furnish from his lands the logs to be used at the mill, *Jones* v.
*McMichael, 12 Rich. 176 ;* and the sale of a pew, *Vielie* v. *Osgood, 8 Barb.
130 ; Buck* v. *Pickwell, 27 Vt. 157.*

For cases of parol partnership in the management of lands and the pro-
ducts thereof, see *Crawshay* v. *Maule, 1 Swanst. 495 ; Morris* v. *Barrett, 3 Y. &
J. 384; Roberts* v. *Eberhardt, Kay 148 ; Howe* v. *Howe, 99 Mass. 71.*—Rep.

since the death of Dr. Personette his account (which, it alleges, is a true one) of the advances and payments made by him under the agreement, was exhibited to Miss Pryme, and that she admitted its correctness, but manifestly that fact does not prevent the complainant from having recourse to equity. The account sought for can only be had in this court. The demurrer will be overruled.