A. K. WEAVER v. VEIN MOUNTAIN MINING COMPANY.

*Recordari, practice in applications for.*

Upon petition for the writ of *recordari* a notice was served upon the adverse party to show cause, &c., and he appeared with affidavits in opposition to the granting the writ; *Held,* error in the judge to refuse to entertain the affidavits. The practice in applications for writs of *recordari* and *certiorari* touched upon by SMITH, C. J.

(*Leatherwood* v. *Moody,* 3 Ired., 129; *Webb* v. *Durham,* 7 Ired., 130; *Caldwell* v. *Beatty,* 68 N. C., 399, cited and approved).

PETITION for *recordari* heard at Chambers in Jefferson, Ashe county, on the 16th of May, 1883, before *Gudger, J.*

The action in which this proceeding was had originated in McDowell county. The plaintiff had obtained judgment against the defendant company before a justice of the peace on a contract for services rendered to it, and on the 7th of May, 1883, notice of the intended application of defendant for a writ of *recordari* was served upon the plaintiff. The plaintiff demanded *oyer* of the petition for the writ, which was refused by defendant, and thereupon the plaintiff prepared affidavits in opposition to the motion to grant the writ, and filed them on the day of the hearing before His Honor by way of answer to the petition, together with a transcript of the proceedings had before the justice of the peace. Upon the hearing, the judge refused to entertain the affidavits and exhibits of the plaintiff or to find the facts, but granted the defendant's motion, and the plaintiff appealed.

*Messrs. Sinclair & Sinclair,* for plaintiff.
*Messrs. Erwin & Morris* and *Battle & Mordecai,* for defendant.

SMITH, C. J.   The writ of *recordari* under the former practice and retained in the new, as has been often declared, is used for two purposes: the one, in order to have a new trial of the

case upon its merits, and this is a substitute for an appeal from a judgment rendered before a justice; the other, for a reversal of an erroneous judgment, performing in this respect the office of a court of error or a writ of false judgment. *Leatherwood* v. *Moody*, 3 Ired., 129; *Webb* v. *Durham*, 7 Ired., 130.

The remedy was usually sought in a direct *ex-parte* application to the judge in a verified petition setting out the facts, and the writ issued upon sufficient cause shown. Upon its return the opposite party was heard upon his motion to dismiss, or the petitioner's to have the cause docketed for trial. *Caldwell* v. *Beatty*, 68 N. C., 399.

Thus there were two hearings; the first, upon the *prima facie* case made by the petitioner and its sufficiency to warrant the awarding the writ, where the proceeding is to have a retrial as upon an appeal; the other, upon the opposing proofs offered, when it is proposed to put the cause on the docket, the writ having performed its office in bringing up the record. This mode of proceeding, it is true, secures all the just rights of the party who has recovered the judgment to be disturbed, and may sometimes require prompt action to arrest its enforcement by execution, not admitting of the delay necessary to give notice. But when the necessity for a *supersedeas* is not urgent and permits the delay, we see no sufficient reason why the merits may not be inquired into upon evidence and a final disposition made of the application when presented, if the petitioner chooses to pursue this course and avoid the needless expense of deferring the inquiry until after the return is made to the writ. This is more in harmony with the spirit and purpose of the present procedure which aims to bring about a speedy determination of controversy, and in accord with the practice in this court in applications for the similar writ of *certiorari*, of which notice is required to be given the other party, unless the motion is made in a cause on the docket where it is regularly reached and called.

In the present case the petitioner caused notice to be served upon the plaintiff of the *time* and *place* (we infer, though not so

specially mentioned as to the latter) when and where the application would be made, in pursuance of which the plaintiff was present with his affidavits and the transcript of proceedings before the justice, and his own explanatory statement on oath accompanying, to contest the application and show cause why it should not be granted, which the notice impliedly invites him to do.

The judge refused to hear any evidence from the plaintiff, and made the following order:

"Upon consideration of the petition in this cause, *the counsel for the parties being present*, it is ordered that the clerk of the superior court of McDowell county issue writs of *recordari* and *supersedeas* according to the prayer of the accompanying petition, unless the defendant company shall give bond with surety before the said clerk in the sum of three hundred dollars: then he is to draw the writ of *recordari* in such a manner as not to require obedience to the writ until the said defendant shall give bond with good surety before the justice who tried the cause."

From this ruling the plaintiff appeals, and we think his appeal is well taken.

It is not at all clear that after the plaintiff had notice and was present at the hearing, as is recited in the judgment, if left unreversed, he would not be concluded from raising any objection to the process when it is returned, and if so, the most obvious injustice would be done him. Whether such be the effect of the adjudication or not, we think it was, under the circumstances of the case, his duty to hear the plaintiff's objections and pass upon the issue made by the parties in the light of the evidence offered.

Why should the plaintiff's presence be declared if his mouth was closed and no opportunity to resist the application afforded? Should the record reciting the fact stand, when for all practical purposes he was outside the transaction as if absent?

It is true the defendant might have moved in the matter without giving notice, but it has elected to bring the plaintiff before

the judge in order that the right to the writ might, in this preliminary state, be finally settled, and we think it was the duty of the judge to hear the plaintiff's objections and the supporting evidence against the issuing of writs, which directly obstructed his collection of his debt and were prejudicial to his interests.

For these reasons the judgment must be reversed, and it is so ordered.

Error.                                                        Reversed.