R. W. KING v. WILMINGTON & WELDON RAILROAD COMPANY.

*Practice—Writ of Recordari, when used as a " Writ of False Judgment."*

1. The writ of *recordari* is authorized by statute (section 545 of *The Code*) and recognized by the decisions of this Court, both as a substitute for an appeal from a judgment of a Justice of the Peace, in order to have a new trial on the merits, and as a writ of "false judgment," to obtain a reversal of an erroneous judgment.

2. Where a judgment was rendered by a Justice of the Peace against the defendant, who alleged that no service of the summons was made, he had his election to move before the Justice, or his successor in office, to set aside the judgment or to apply for a writ of *recordari* as a writ of false judgment; and it was error for the Judge below to dismiss the petition for such writ, without inquiring into the facts, upon the ground that the petitioner had mistaken his remedy, and could only proceed by a motion in the cause before the Justice of the Peace to vacate the judgment.

3. Relief against a final judgment rendered by a Justice of the Peace, and alleged to have been obtained by fraud and collusion between him and others, cannot be had by means of a writ of *recordari*, but must be sought by an independent action.

4. The provision in section 876 of *The Code* for an appeal in fifteen days after notice of judgment in cases where " the process is not personally served," applies only in cases where the service is by publication, and has no application when the summons is personally served on the agent or officer of a corporation under section 217 (1) of *The Code*.

PETITION for a writ of *recordari*, heard before *Bryan, J.*, at March Term, 1892, of PITT Superior Court.

The plaintiff obtained judgment against the defendant before a Justice of the Peace on July 14, 1891, docketed a transcript of the same on December 9, 1891, and on same day execution was issued. The defendant thereupon filed its petition for a writ of *recordari, supersedeas* and restraining order, alleging, among other things, lack of jurisdiction of the Justice of the Peace, lack of service of the summons, and fraud and collusion between the Justice of the Peace and others. The plaintiff, after filing an answer denying the material allegations of petition, moved to dismiss the same on the ground that a motion in the cause was the proper remedy. From the order of the Judge dismissing the petition and dissolving the restraining order (which had theretofore issued) the defendant appealed.

*Messrs. T. J. Jarvis* and *Don Gilliam*, for plaintiff.

*Messrs. J. L. Bridgers* and *J. E. Moore*, for defendant (appellant).

CLARK, J.: The amended petition for *recordari* avers that there was no service of summons upon the defendant or its agent. If so, the judgment could be set aside at any time upon motion before the Justice of the Peace who tried the cause, or his successor in office. *Whitehurst* v. *Transportation Co.*, 109 N. C., 342. His Honor, being of opinion that this was the only remedy, dismissed the petition. The defendant contends that, at its election, it was entitled to have the writ of *recordari* in the nature of a writ of false judgment. This is the principal question in the case.

At common law and up to the adoption of the Code of Civil Procedure the writ of *recordari* served a double purpose, either as a substitute for an appeal lost without

default of the petitioner or as a writ of false judgment where the Justice did not have jurisdiction or when judgment was taken without service of process. The original Code of Civil Procedure of 1868, by section 296 (now *The Code*, §544), abolished writs of error and substituted appeals, but did not provide for writs of *certiorari* and *recordari*, as was pointed out by the Court in *Marsh* v. *Williams*, 63 N. C., 371. And thereupon the Act of 1874–'75 (now *The Code*, §545) was enacted, as follows: "Writs of *certiorari*, *recordari* and *supersedeas* are hereby authorized as heretofore in use. The writs of *certiorari* and *recordari*, when used as substitutes for an appeal," etc. From this it would seem that the writ of *recordari* was authorized to the extent it had been "heretofore in use," and extended to cases other than "when used as substitutes for an appeal." But we are not without express decisions upon the point. In *Weaver* v. *Mining Co.*, 89 N. C., 198, SMITH, C. J., says: "The writ of *recordari* under the former practice, *and retained in the new*, as has been often declared, is used for two purposes; the one, in order to have a new trial of the case upon its merits, and this is a substitute for an appeal from a judgment rendered before a Justice; the other, for a reversal of an erroneous judgment, performing in this respect the office of a writ of false judgment." In *McKee* v. *Angel*, 90 N. C., 60, where there was a motion made before the Justice to set aside the judgment for want of proper service and an appeal from such ruling, the Court held that such course was correct, or the defendant could have had his remedy by a writ of *recordari*, in the nature of a writ of false judgment. ASHE, J., says in that case: "There is no doubt that as soon as he discovered that such judgment had been rendered against him (*i. e.*, without service of process) he might have availed himself of the remedy of a *recordari*, in the nature of a writ of false judgment. But he has failed to resort to that

remedy, and has had recourse to a motion before the Justice who made the judgment to vacate it.    Was it in the power of the Justice to do that?    If it was, it was clearly his duty to do so."    The Court then go on to cite *Hooks* v. *Moses*, 8 Ired. (30 N. C.), 88, as authority for the latter course.    In the following cases, since the Code of Civil Procedure, the use of the writ of *recordari* as a writ of false judgment has been recognized and approved:  *Caldwell* v. *Beatty*, 67 N. C., 142; same case, 69 N. C., 365; *Morton* v. *Rippy*, 84 N. C., 611, and there are others.

Nor is there anything in *Whitehurst* v. *Transportation Co.*, *supra*, which militates against these authorities.    In that case, the Justice's judgment having been docketed in the Superior Court, the defendant brought an action in that Court to have the judgment set aside on the ground that process had not been served in the case in which judgment had been rendered.    This Court held that the Court below properly dismissed the action, since relief could have been had by a motion in the cause before the Justice to set aside the judgment.    But it was not held that the defendant might not also have had relief by another proceeding in the cause;  *i. e.*, by an application for a *recordari.*

As to the other allegation, in this application, of fraud and collusion between the Justice and others, inasmuch as final judgment had been rendered relief could only have been had on that ground by an independent action. *Navassa Guano Co.* v. *Bridgers*, 93 N. C., 439.    The general rule is also repeated in *Rountree* v. *Carter*, 109 N. C., 29, citing many authorities.

The defendant had its election.    Had it proceeded by a motion in the cause before the Justice and appealed from the refusal, the finding of fact by the Justice would not have been conclusive, as would be the findings upon a similar motion in the Superior Court.    *Finlayson* v. *Accident Asso-*

*ciation,* 109 N. C., 196. But probably the defendant preferred the application for a *recordari* because, if granted, a *supersedeas* might issue. See Superior Court Rule 14, 104 N. C., 939, and *Weaver* v. *Mining Co., supra,* which settle the procedure in applications for *recordari.* Whether there could be a *supersedeas* upon an appeal from a refusal by the Justice to set aside a judgment may admit of some doubt.

In reference to the argument made by defendant's counsel as to the words in *The Code,* §876, providing for an appeal in fifteen days after notice of judgment in cases where "the process is not personally served," it is proper to say that those words apply only in cases where the service is by publication and have no application when the summons is personally served on the agent or officer of a corporation under *The Code,* §217 (1); *Clark* v. *Manufacturing Co.,* 110 N. C., 111.

The Court below should have found the facts (*Collins* v. *Gilbert,* 65 N. C., 135; *Cardwell* v. *Cardwell,* 64 N. C., 621) and dismissed or have set aside the judgment (*McKee* v. *Angel,* 90 N. C., 60) in accordance with the law applicable to such state of facts. In dismissing the petition without inquiry into the facts upon the ground that the defendant had mistaken his remedy, and could only proceed by a motion in the cause before the Justice to vacate the judgment, there was                                    Error.