J. C. GALLOP v. WILLIAM F. ALLEN & CO.

*Practice—Action to Set Aside Judgment of Justice of the Peace—Injunction.*

An action will not lie to vacate and set aside and enjoin the execution of an irregular and voidable judgment of a Justice of the Peace where no fraud is alleged, the proper remedy being a motion before the Justice who rendered the judgment, or his successor in office, to set aside the judgment, or a writ of *recordari* in the nature of a writ of false judgment in the Superior Court.

This was a CIVIL ACTION, commenced in the Superior Court of CURRITUCK County, to vacate and set aside, as null and void, a judgment rendered by a Justice of the Peace of said county in favor of the present defendants and against the plaintiff in this action.

The complaint alleged that the summons in the action before the Justice was served upon this plaintiff on the 5th of September, 1892, returnable on the next day at the court-house in said county before the Justice named; that this

plaintiff, then defendant, was sick on the return day and could not attend at the place of trial; that thereupon the cause was continued for his absence, and for further hearing, but that no notice was given him of the time or place for the further hearing, and that he heard nothing further of the matter until a few days before this action was begun, when he was notified by the Sheriff of said county that said Sheriff had an execution in his hands against said plaintiff, who was the defendant in said execution, upon a judgment rendered by said Justice in said action on the 27th of September, 1892, at Shawboro in said county, a place other than the court-house. This plaintiff alleged in his complaint, used as an affidavit, that he had a meritorious defence to the said action. A restraining order was made returnable before his Honor Judge Bynum, at chambers in Elizabeth City on May 2, 1893, upon which return his Honor dissolved the restraining order and dismissed the application for an injunction, for want of jurisdiction, and the plaintiff appealed.

*Messrs. Grandy & Aydlett*, for appellant.
No counsel, *contra.*

MacRae, J.: Assuming the affidavit of the plaintiff to be true, the judgment rendered by the Justice was irregular and voidable.

The remedies open to defendant in that action, the plaintiff herein, were a motion before the Justice who rendered the judgment, or his successor in office, to set aside the judgment, or a writ of *recordari* in the nature of a writ of false judgment in the Superior Court.

If it had been alleged that the judgment was obtained by fraud, an action to set it aside would have been the proper procedure.

The subject has been so recently discussed and explained that it will be unnecessary now to do more than refer to *King*

v. *Railroad*, 112 N. C., 318, and *Whitchurst* v: *Transportation Co*, 109 N. C., 342.   As an action did not lie to vacate the judgment, his Honor properly dissolved the restraining order and denied the application for an injunction.

Affirmed.